JOHN C. DREXEL ET AL. v. GEORGE F. DANIELS ET AL.

FILED SEPTEMBER 16, 1896.   No. 6675.

1. Instructions: ASSIGNMENTS OF ERROR.  An assignment in a petition in error that the verdict is contrary to law does not present for review alleged errors in the instructions.

2. ———: ———.  Such an assignment raises the question whether the verdict is contrary to the law as contained in the charge given by the court to the jury.

3. Action on Order for Goods Shipped: VERDICT FOR PLAINTIFF.  *Held*, That the verdict is sustained by the evidence, and that the assessment of the amount of recovery is not excessive.

ERROR from the district court of Douglas county. Tried below before SCOTT, J.

*A. C. Wakeley*, for plaintiffs in error.

*Gregory, Day & Day, contra.*

NORVAL, J.

This was an action to recover upon an alleged order by the defendants requesting plaintiffs to manufacture and

ship to defendants a quantity of slippers. There was a trial to a jury, with verdict and judgment for plaintiffs for the full amount claimed in the petition. Defendants have removed the cause into this court, assigning nineteen grounds for reversal, only three of which are relied on in the brief filed, and the others will not be considered. The assignments argued are:

1. The verdict is contrary to law.

2. Verdict is not sustained by sufficient evidence.

3. Error in the assessment in the amount of recovery, the same being too large.

Under the first of these assignments counsel for defendants below has argued at length that the verdict is contrary to the principles of law applicable to the facts, and which should govern in the case, and that the charge of the court to the jury was erroneous. The assignment that the verdict is contrary to law is insufficient to call for a review of the instructions. Alleged errors therein, to be available in this court, must be raised by proper exceptions in the trial court, in the motion for a new trial, and by specific assignments in the petition in error. Here a general exception to the entire charge was taken, and not to each paragraph, and alleged errors in the instructions were grouped in a single assignment in the motion for a new trial. In this condition of the record the instructions cannot be considered, and yet the defendants, under the assignment that the verdict is contrary to law, seek to have us do so, when the correctness of the charge of the court is not thereby challenged. That the verdict is contrary to law is one of the statutory grounds for a new trial, and if such ground is sufficient to search the record and present for review errors in the court's charge, then, under such an averment, the rulings upon admission and exclusion of testimony, and any other decisions made during the progress of the trial, could be reviewed, and the other specific grounds for a new trial specified in the Code are entirely superfluous. The averment that the verdict is contrary to law presents

the question whether the finding of the jury is in accord
with the law embodied in the instructions. (Hayne, New
Trial & Appeal, sec. 99, and cases cited; *Froman v. Patter-
son*, 24 Pac. Rep. [Mont.], 692; *Bauder v. Schamber*, 63 N.
W. Rep. [S. Dak.], 227; *Brumagim v. Bradshaw*, 39 Cal.,24.)
In the last case the court say: "It is not enough to aver
that the verdict is against law, and then offer to support
the averment by showing that the verdict is not sup-
ported by the evidence, and is for that reason 'against
law.' If such a course of proceeding was tolerated, all
the other specific grounds for new trial enumerated in the
statute might, for the same reason, be condensed into the
one general ground, that 'the verdict is against law,' for
in that general sense it would be 'against law,' if there
was any valid reason whatsoever for a new trial. But
the statute, in authorizing a new trial on the ground that
the verdict 'is against law,' evidently does not intend to
include in that phrase all or any of the other several
distinct and separate grounds of the motion which are
specified in the act."

For convenience the assignments that the verdict is
contrary to law and is contrary to the evidence will be
considered together. Plaintiffs are manufacturers and
wholesale dealers in slippers in Boston, and defendants
are retail dealers in boots, shoes, etc., in the city of
Omaha. On September 11, 1890, defendants ordered
from plaintiffs, through H. C. Jack, their traveling rep-
resentative, then in Omaha, two bills of slippers, one for
$416.20, for early shipment and delivery, and the other,
amounting to $649.80, was not to be shipped until March
15, 1891. The slippers designated in the smaller order
were shipped to the defendants and received and paid
for by them. The larger order was filled and the goods
therein mentioned shipped to defendants on April 10,
1891, by the Merchants' Dispatch, as per order. The bill
of lading was sent to and received by defendants, but
when the goods arrived in Omaha they declined to re-
ceive them from the railroad company, and have refused

to pay for them. It is to recover the contract price of the last lot of slippers sent that this action was instituted. It is not contended that the goods in any respect failed to comply with those ordered, but it is insisted in the brief of defendants below that the order for the second consignment was countermanded by them. No such defense was interposed by the answer; nevertheless, whether there was a rescission, and the effect thereof, was submitted to the jury under the charge of the court. Whether the correct rule was stated it is unnecessary to determine. The answer admits the giving of the orders and the shipment of the goods, but alleges that the orders were verbal—separate and distinct from each other —and in nowise connected with or dependent upon each other; that with respect to the larger order no note or memorandum thereof in writing was made or subscribed by the defendants; that they have not accepted or received the goods, or any part thereof, and have never paid any part of the purchase money, and, therefore, the said order and contract are void under the statute of frauds. In view of the correspondence between the parties, defendants in their brief have expressly refused to insist upon the defense of the statute of frauds, and therefore it requires no consideration by us. In addition to the undisputed facts already stated, the evidence introduced by plaintiffs tends to show that the slippers covered by defendants' larger order were to be manufactured by the plaintiffs, and that they were so manufactured. They were not shipped by March 15, according to contract, for the reason plaintiffs were requested not to do so by the letter of defendants under date of January 8, 1891. The verdict returned is evidently not against or inconsistent with the seventh paragraph of the court's charge, which is in this language:

"7. You are further instructed that if you find from the evidence that the plaintiffs were to manufacture the goods covered by the $649.80 order, and ship the goods to defendants at Omaha, and you further find that plaint-

iffs did manufacture the goods covered by said order and did ship them to defendants at Omaha, then such shipment of the goods to defendant would constitute a delivery of the goods by plaintiffs to defendants, even though defendants refused to take the goods after their arrival at Omaha."

There is likewise, in the bill of exceptions, ample evidence from which the jury could find the facts upon which the above instruction was based. The verdict is not only in accordance with the law as stated in the charge of the court, but consistent with the evidence, upon which the instructions depended.

The amount of recovery is not excessive. The verdict was for $649.80, the contract price, and interest thereon at seven per cent. This was in accordance with the rule stated in the instructions. No reversible error appearing in the record, the judgment is

AFFIRMED.