## ROFF OIL & COTTON CO v. WINN.

### No. 578.    Opinion Filed July 12. 1910.

### (110 Pac. 652.)

1.    **APPEAL AND ERROR—Review—Conflicting Evidence.** When controverted questions of fact are submitted to a jury, and the evidence adduced is conflicting and contradictory, but there is competent evidence reasonably tending to support every material allegation necessary to uphold the verdict, and the trial court renders judgment in accordance therewith, and a new trial is refused, this court will not disturb the verdict of the jury and the judgment of the court on the weight of such conflicting evidence.

2.    **APPEAL AND ERROR—Assignments of Error—Instructions.** An assignment that the verdict is contrary to law does not present for review alleged errors in the instructions.

(Syllabus by the Court.)

*Error from District Court, Pontotoc County; A. T. West. Judge.*

Action by the Roff Oil & Cotton Company against U. G. Winn. Judgment for defendant, and plaintiff brings error. Affirmed.

*Thomas P. Holt,* for plaintiff in error.
*Crawford & Bolen,* for defendant in error.

DUNN, C. J.   This case presents error from the district court of Pontotoc county.   Plaintiff in error brought action as plaintiff against the defendant to recover on a promissory note for $343.62.   The defendant for his answer averred payment of $100, and pleaded a counterclaim of $750 for damages growing out of the transaction out of which the note arose and a set-off of $440 for attorney's fees.   The case was tried to a jury, and resulted in a verdict for defendant in the sum of $500.   Whereupon a *remittitur* was entered for $343.62, and judgment was entered in the sum of $156.38.   A motion for new trial was filed on four grounds: First, accident and surprise; second, error in the assessment in the amount of recovery; third, newly discovered evidence; and, fourth, that the verdict is not sustained by sufficient evidence, and is contrary to law.   The first and third of these assignments were abandoned, and, although other assignments of error are presented by the petition in error and argued in the brief of counsel, yet those only which were contained in the motion for new trial and presented to the trial court for its consideration can be considered here.   *Boyd et al. v. Bryan,* 11 Okla. 56, 65 Pac. 940.   To determine whether there was error in the assessment of the amount of recovery or the verdict is sustained by sufficient evidence, we have read the entire record, as well as the briefs of counsel.   There is a sharp conflict in the evidence.   The defendant purchased from the plaintiff cotton seed meal, and gave his note for the amount thereof.   He testified that 75 sacks of the meal which he purchased were valueless, and that a considerable quantity of the balance was badly damaged.   He also testified that he had paid $100 on the note for which he had not been given credit, and that in January, 1902, he assumed the duties of plaintiff's regular attorney, and

rendered various services from that time until September 28, 1906, when he was discharged. One of the witnesses called by him testified that the services which he rendered were worth $200 per year. Another witness testified that he thought $300 per year would be reasonable, while he testified that he thought $150 a year would be a reasonable consideration for the services rendered. The witnesses for the plaintiff contradicted much of defendant's evidence, and counsel also endeavored to show that the same is conflicting within itself and hence discredited, but all of these considerations were for the jury, and were doubtless addressed to it, and the verdict returned, having received the sanction of the trial court and the record containing evidence reasonably tending to support it, will not be disturbed in this court. *McMaster v. City Nat. Bank,* 23 Okla. 550, 101 Pac. 1103; *Wade v. Cornish,* 23 Okla. 40, 99 Pac. 643; *Kuhl v. Supreme Lodge Select Knights and Ladies,* 18 Okla. 383, 89 Pac. 1126.

The argument of counsel for plaintiff in their brief in this court, is, also, that the witnesses of plaintiff were credible, and that the weight of evidence sustains its contention, but there is no claim made, nor indeed could it be successfully urged, that there is no evidence in the record sufficient, if given credence by the jury, to justify the verdict returned.

The fourth ground of the motion for new trial wherein it is averred that the verdict is contrary to law, and under which counsel argue that certain instructions were erroneous, presents only the question of whether or not the finding of the jury is in accord with the law as embodied in the instructions, and does not present for review any of the alleged errors therein (*Drexel v. Daniels,* 49 Neb. 99, 68 N. W. 399), or, as was stated by the Supreme Court of New York in the case of *Swartout v. Willingham,* 6 Misc. Rep. 179, 26 N. Y. Supp. 769, 771, the same does not refer to an erroneous decision by the court as to the law of the case. The phrase, as used in reference to a verdict, means that the verdict is one which the law does not authorize the jury to render upon the evidence presented to them, and does not refer to any

act of the court in giving to the jury instructions upon which their verdict is based; for, if the evidence warrants the verdict, it is not contrary to law. See, also, *Chicago, Rock Island & Pacific Ry. Co. v. Groves,* 20 Okla. 101, 93 Pac. 755, 22 L. R. A. (N. S.) 802, and cases cited therein.

The other assignments wherein counsel for plaintiff insist the court erred during the trial, not having been presented in the motion for new trial, must be deemed waived, and are not available for consideration here, but from a careful inspection of the entire record we cannot see that any reversible error was committed.

The judgment of the trial court is accordingly affirmed.

All the Justices concur.