## NEW STATE GROCERY CO. v. WILES.

No. 1593.    Opinion Filed February 6, 1912.

(121 Pac. 252.)

**APPEAL AND ERROR—Review—Conflicting Evidence.** Where there is a conflict in the evidence, and the issue is submitted to the jury under proper instructions, and a motion for new trial is overruled, this court will not disturb the verdict on the weight of the evidence.

(Syllabus by Ames, C.)

*Error from Choctaw County Court;*
*W. T. Glenn, Judge.*

Action by the New State Grocery Company against O. Welsh, in which was issued a writ of attachment. Maggie Wiles filed an interplea in the case, claiming the property attached as belonging to her. Judgment was rendered for the plaintiff against the defendant on the debt, and for the interpleader for the property, and the plaintiff brings error. Affirmed.

*B. D. Jordan,* for plaintiff in error.

*Spriggs & Hardison,* for defendant in error.

Opinion by AMES, C. The defendant, Welsh, conducted a hotel in Hugo. He became indebted to the plaintiff, the New State Grocery Company, for groceries. The plaintiff levied an attachment on the furniture in the hotel, and Maggie Wiles filed an interplea in the attachment case, claiming the furniture belonged to her. The plaintiff denied this claim, and further pleaded that she was estopped from claiming the furniture by having permitted Welsh to hold himself out as the owner of it. The defendant defaulted, and the case went to trial on the interplea. There was testimony tending to show that the interpleader owned the furniture, and there was testimony tending to show that the defendant had represented to the plaintiff that he owned

the furniture, that the interpleader knew of this representation, and that the credit would not have been extended, except upon the belief that the defendant did own the furniture. The interpleader positively denied that she knew of any such representation, or that she had participated in it. The case was submitted to the jury upon instructions, which are not complained of, and the only error assigned is that the verdict is not supported by the evidence. The issue having been fairly submitted to the jury, there being a conflict in the evidence, the jury having found the fact on this conflict, and the court having approved the verdict, it will not be disturbed here.

Finding no error, we think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.