## SPAULDING MFG. CO. v. LOWE.

No. 2207.    Opinion Filed March 11, 1913.

(130 Pac. 959.)

1.  **SALES—Remedies of Parties—Recovery of Price.** Where an agent for plaintiff, a manufacturing concern, delivered a buggy with a defective wheel to defendant with the understanding at the time that no purchase was made unless a new and perfect wheel was furnished, recovery cannot be had upon the note given for the purchase price, where the wheel was not furnished as agreed, and the buggy was tendered back.

2.  **APPEAL AND ERROR—Review—Questions of Fact.** Where controverted questions of fact are submitted to a jury, and there is competent evidence reasonably tending to support every material averment necessary to uphold the verdict, and the trial court in its instructions to the jury fairly states the issues given fixes the burden thereon as the same are presented by the pleadings and evidence, and a verdict is rendered which from all the facts appears to meet the requirements of justice, which is approved by the trial court, and judgment is rendered in accordance therewith, this court will not reverse the order of the trial court denying a motion for a new trial.

(Syllabus by the Court.)

*Error from Beckham County Court;*
*John C. Hendrix, Judge.*

Action by the Spaulding Manufacturing Company against J. L. Lowe. Judgment for defendant, and plaintiff brings error. Affirmed.

*T. R. Wise,* for plaintiff in error.

*J. A. Minton,* for defendant in error.

DUNN, J.   This case presents an appeal by the Spaulding Manufacturing Company from an order of the county court of Beckham county denying a motion for new trial and a judgment in favor of the defendant in an action brought by the said company upon a note made in its favor by the defendant. The statement of facts as set forth in the abstract of plaintiff in error shows that on or about October 17, 1907, the plaintiff sold to

the defendant a secondhand or used buggy, which was sound in every particular except that the front wheel had a spoke or two broken out of it. It was agreed at the time of the sale that the company would replace the defective wheel by shipping the defendant a new one. In payment for the buggy defendant gave his note payable to plaintiff, on the margin of which was written, "Due one front wheel prepaid to Erick, Oklahoma."

The bill of particulars of plaintiff was in the ordinary form of a suit on a note, to which the defendant answered: That, at the time he signed the said note, plaintiff, as a part of its consideration, agreed to deliver to him one front wheel for said buggy, freight prepaid to Erick, Okla. Further, that the note was without a valid consideration for the reason that said buggy was worthless to defendant in its present condition, being a special make of buggy, a Spaulding buggy, and that he had been unable to supply same with a new wheel, and the note was wholly without consideration. That defendant has repeatedly offered to turn said buggy back to plaintiff and asked plaintiff to return his said note, and plaintiff has refused to comply with his part of said contract and refused to return defendant's note to him. Defendant's evidence in chief is set forth by plaintiff in error in its brief as follows:

."That Mr. Newby, agent of the Spaulding Manufacturing Company, brought to defendant's place, in the fall of 1907, a buggy which had a broken wheel, and wanted to sell it to defendant. That defendant told Newby that he did not want the buggy at all; that if he bought a buggy he would want one that would give him some service. That Newby said: 'I'll fix it so that it will be all right. I'll furnish you a new wheel.' That defendant wanted to know when he would send the wheel, and Newby said right away, in about four or five days. That defendant told Newby to take plenty of time, and Newby said that the wheel would be at Erick in two weeks. That defendant answered, 'All right, I will take the buggy under that contract. Understand, now, if that wheel don't come in two weeks, your time, you can come and get the buggy, because I don't consider that I have made any contract for it unless I get the wheel in the time you have specified.' That Newby said, 'It will certainly be there in two weeks.' That defendant went to Erick at the end of the two weeks, but the wheel had not been sent. That about a month

after he made another demand on another of plaintiff's agents, A. M. Daniel, for the wheel. That at the request of Daniel he consented to keep the buggy two weeks longer on the promise of Daniel that the wheel would be sent within that time. That the plaintiff never furnished the wheel. That defendant made four trips to Erick to get the wheel, using the buggy. That defendant was always ready and willing and able to comply with his part of the contract and to pay the note when it became due, if plaintiff had furnished the wheel as it had promised to do. That defendant tendered the buggy back to plaintiff, the first time, something like a month after he had bought it, when he had the arrangement with Mr. Daniel to hold the buggy another two weeks. That he actually turned the buggy over when he brought it to Erick at the time he was sued on the note in the justice court and left it at Stubb's livery barn when he turned it back to Mr. Wise, the attorney prosecuting the suit. That he wrote two letters to plaintiff about the buggy; the first one about June following the fall that he bought the buggy, and the second letter some time after the fall following the writing of the first letter, before plaintiff had made any demand for payment. That on the 'first one I just wrote them the trade, stated the contract, that I had ordered from the agent, and that he had never complied, with it, and I would like to have a wheel or they could come and get the buggy. That was the first letter.' That in the second letter he just wrote that he had their buggy there, and that they had fallen down on their contract and he wanted them to come and get the buggy."

On cross-examination it developed that defendant, while he had held the buggy waiting for plaintiff to furnish the wheel or call for it or indicate disposition, had used it on a number of occasions. The plaintiff asked the court to instruct the jury that if it found that it had promised defendant to deliver him a new wheel and that it failed to deliver the same, but that the buggy in all other respects fulfilled the warranty under which it was bought, that such an agreement was known as a subsidiary promise, and a failure on the part of plaintiff in that respect would not release the defendant from his obligation to pay the note in accordance with its terms, but that he was entitled to an offset for what a new wheel such as plaintiff agreed to furnish was worth. The court instructed the jury that the burden of establishing his defense was upon the defendant, and that a partial

failure of consideration was not sufficient to defeat the action on the note; but if it found that the defective buggy wheel referred to in defendant's answer was to be replaced in a specific time by a new and perfect wheel, and if it was further found that the failure on the part of plaintiff to furnish the said new wheel at the time specified greatly impaired or destroyed the use of the buggy, and that the defendant, acting upon his right, attempted to or used all of his efforts to rescind his contract and redelivered the buggy back to the company, that it would then be its duty to find for the defendant.

From the testimony of the defendant it is noted that his contract for the buggy contained the condition precedent that he was to have a new wheel, because, as he states in his evidence, "I do not consider that I have made any contract for it unless I get the wheel in the time you have specified." The wheel did not come, and defendant's temporary retention of the buggy was as is seen above, at least as to a part of it, under the solicitation of plaintiff's agent. The buggy was not delivered to the defendant in the city, but at his own home, and he would have been strictly within his rights if he had delivered the buggy to the plaintiff at the place plaintiff delivered it to him. However, the plaintiff, taking no action upon either its failure to provide the wheel as contracted for or to retake, as it had a right to do, and which was in accord with the defendant's wish, brought suit, whereupon defendant brought the buggy to town and delivered it as above set forth. Under these circumstances, in our judgment the verdict of the trial court was correct.

The instructions given by the court fairly presented the issues to the jury, and the rule has been frequently announced by this court that where there is competent evidence reasonably tending to support every material averment necessary to uphold the verdict, and the trial court in its instructions to the jury fully and fairly states the issues and fixes the burden thereon as the same are presented by the pleadings and evidence, and a verdict is rendered which from all the facts appears to meet the requirements of justice, which is approved by the trial court, and judg-

ment is rendered in accordance therewith, this court will not reverse the order of the trial court denying a motion for new trial.

The judgment of the trial court is, accordingly, affirmed.

All the Justices concur.