**DEMING INV. CO. v. McGRADY.**

No. 6665—Opinion Filed April 18, 1916.
Rehearing Denied May 23, 1916.
(157 Pac. 734.)

**1. Appeal and Error—Verdict—Evidence.**

Where the law applicable to the facts material to the issues joined by the pleadings

in an action is fairly and fully submitted to the jury by the court, a verdict of the jury, based upon conflicting testimony, will not be disturbed, if it is reasonably supported by the testimony in the case.

**2. Principal and Agent—Contract by Agent —Knowledge of Agency—Liability of Agent.**

One who, without disclosing his agency, enters into a contract in his own name with one who has no knowledge of the agency, binds himself.

(Syllabus by Mathews, C.)

Error from Superior Court, Tulsa County; M. A. Breckenridge, Judge.

Action by Charles McGrady against the Deming Investment Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Charles B. Mitchell and H. A. Kroeger, for plaintiff in error.

John D. Wakely, for defendant in error.

Opinion by MATHEWS, C. Action upon an account in the sum of $40 for services alleged to have been rendered at the instance and request of the plaintiff in error. The cause was tried to a jury, and a verdict returned for defendant in error for the full amount. The parties will be designated as in the trial court.

The principal assignment of error is that the verdict is not supported by the evidence. It appears from the evidence that the plaintiff, was employed as tool dresser by a contractor in drilling a well. This contractor had entered into a written contract with the Kito Oil Company to drill a well on a lease owned by the said oil company for the consideration of $1 per foot, the said contractor to furnish all labor, machinery, etc. It was further agreed that no part of the contract price was to be paid until the well was completed according to contract. Said contractor also agreed, should the well prove dry, to pull the casing and plug the hole, which work· was to be done without cost to the said oil company, except the oil company was to pay $25 per day for all time consumed therein after two days.

The Kito Oil Company seems to have been an Eastern company, and the defendant was acting as its disbursing agent, and in that capacity was charged with the duty of paying the contractor under his contract. After the well drilling had been under way for a time, the employees working on the well became apprehensive that they might not get pay for their services, and were threatening to quit work, when a representative of the defendant company came out to the well and told them to go ahead and finish the well, and they would be paid. The plaintiff testified that he would have quit work if this representative had not told him he would be paid for his services. During the progress of the work the contractor was upon the premises but little after the beginning of the well drilling, and after that was not there at all, and the employees were directed by a foreman who worked with them. The plaintiff worked 52 days on the drilling and eight days pulling the casing and plugging the well, and made out two accounts, one for 52 days' and one for eight days' work.

After the well was completed, the defendant set a telegram to one of the employees that its representative would be in Tulsa the next week to adjust matters. In due time he arrived and the accounts of the different employees were presented to him for payment, and the plaintiff asked him if he had his time for pulling the casing and plugging the well, and he replied that he had, but that he thought that the eight days were included in the 52, and he told him that it was not so included. This representative then told him to get the contractor to approve the eight-day account and send it to the defendant and he would get his money. The account for the 52 days' services was paid by the defendant, but the eight-day account, although approved by the contractor, was not paid. Defendant gave as its reason for not paying the same that it was not personally liable for the same, and that it had already paid out all the money in its hands that was due the contractor for drilling the said well.

Plaintiff contends that the defendant was directly responsible to him for pay for his services, that he was working for defendant at all times after its representative requested him to remain on the job and not quit, that he had never heard of the Kito Oil Company until after the filing of his action against the defendant, and that he supposed he was working for the defendant after its representative told him to keep on the job. Evidence contradictory to much of plaintiff's testimony was adduced on the part of the defendant, but the same was before the jury for their consideration.

The court gave the jury lengthy instructions, that were eminently fair to defendant, and· covered every phase of the case, and properly presented the law to them, and upon the conflicting facts the jury found for the plaintiff, and we are of the opinion that the evidence amply sustains the same. It is perhaps true that defendant was representing the Kito Oil Company, who was the real party in interest; but its agency was not disclosed

to the plaintiff, and he was not aware of the same until long after he had performed the work.

The contract with the plaintiff was not made in the name of said oil company, and the rule is that one who, without disclosing his agency, enters into a contract in his own name with one who has no knowledge of the agency, binds himself. The facts presented in this case are closely allied to those in the case of Lindley v. Kelly et al., 47 Okla. 328, 147 Pac. 1015.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.