### MACKEY et al. v. NICKOLL.

No. 6615—Opinion Filed May 2, 1916.

Rehearing Denied July 11, 1916.

(158 Pac. 593.)

1. **Frauds, Statute of—Promise to Answer for Debt of Another—Pleading.**

Bill of particulars examined, and held to state a cause of action under the second subdivision of the statute of frauds.

2. **Appeal and Error—Briefs—Setting Out Instructions.**

Where appellant complains of the court's instructions, but does not set out in his brief the portions thereof complained of, nor point out wherein the defect lies, he fails to comply with rule 25 of this court (38 Okla. x, 137 Pac. xi), and such instructions will not be considered, but assumed correct.

3. **Appeal and Error—Review—Questions of Fact.**

Where there is a conflict in the evidence, and the issues determined by a jury under proper instructions, and approved by the trial court, this court will not disturb the verdict on the weight of the evidence.

4. **Frauds, Statute of—Promise to Answer for Debt of Another—Original Undertaking.**

A transaction in parol, whereby M. requests of N. to extend credit to Q., and N. refuses, but agrees to extend credit to M., and merchandise is delivered to Q. upon said request and agreement of M., same is an original undertaking as to M. and not within the second subdivision of the statute of frauds (section 941, Rev. Laws 1910).

5. **Appeal and Error—Briefs—Instructions—Evidence.**

Where appellant complains of the admission and rejection of testimony, and of the refusal of the court to give requested instructions, and fails to set out in his brief the full substance of said testimony, and fails to set out therein in totidem verbis separately said requested instructions, he fails to comply with rule 25 of this court, and same will not be considered.

**6. Appeal and Error—Objections in Lower Court—Absence of Witnesses.**

Where upon request of defendant he is granted from adjournment time in the afternoon to 9 o'clock the following morning to procure witnesses, and interposes no motion for a continuance or request for further time, but proceeds to trial without further objection, he has been deprived of no substantial right.

(Syllabus by Day, C.)

Error from County Court, Noble County; L. B. Robinson, Judge.

Action by A. B. Nickoll against J. M. Mackey and another. Judgment for plaintiff, and defendants bring error. Affirmed.

H. A. Smith, for plaintiffs in error.

Henry S. Johnston and W. E. Rice, for defendant in error.

Opinion by DAY, C. Plaintiffs in error were defendants, and defendant in error was plaintiff in the trial court, and hereinafter will be referred to as appearing there. Plaintiff instituted his action against defendants in a justice of the peace court upon his bill of particulars as follows:

"Plaintiff complains of defendants, and for cause of action alleges that on or before March 3, 1912, J. M. Mackey, one of the defendants herein, requested this plaintiff to permit his codefendant, O. P. Quillian, to open a running account for goods, wares, and merchandise at the store and business house of the plaintiff, located at a country point, commonly called Polo, in Noble county, Okla., and stated and represented to this plaintiff that he, the said J. M. Mackey, would stand good for the account which O. P. Quillian would run at said store, and that he, said J. M. Mackey, would pay the same, and that said O. P. Quillian did thereafter, on March 3, 1912, begin trading at said store, and bought goods, wares, and merchandise from day to day from thence and until and including April 3, 1912, and that the plaintiff kept an account of the goods, wares, and merchandise so bought by said Quillian, and that an itemized statement of said account, including the dates, the items of goods furnished, the price of the same, and the footing from day to day, duly verified and sworn to by said A. B. Nickoll, is hereto attached, marked 'Exhibit A,' and made a part hereof, the said goods, wares, and merchandise so sold to Quillian amounting to $28.52, upon which there had been paid the sum of 45 cents, and that there is a balance due thereon of $28.07, that this plaintiff has frequently demanded said sum from said defendants, and from each of them, and that no part thereof has been paid, but that all of same is now past due and wholly unpaid.

"Plaintiff further states that after the said account has accumulated, and on, to wit, the 25th day of April, 1912, the said O. P. Quillian and wife were intending to, and did, leave the said Noble county and go elsewhere to live, and that by way of further security for the debt, the said O. P. Quillian, by his wife, Mrs. O. P. Quillian, did secure the same in part by delivering to the plaintiff one trunk, two rugs, one revolver, one lamp, one piano scarf, one lantern, and other minor articles in the nature of dishes, cooking utensils, clothing, and household goods, the value of the items of which this plaintiff does not know, but all of which are very small and did not aggregate the amount of the bill; that said property so left for said security was listed and a memorandum thereof made in writing, the original of which is hereto attached, marked 'Exhibit B,' and made a part hereof; that plaintiff is holding the same as such security, and will continue to hold the same subject to disposition in this case; that said personal property, being in the possession of the plaintiff, is subject to said debt as fully as though held by virtue of a valid attachment, and this plaintiff desires to, and will, hold the same until judgment therein be rendered or said property be discharged according to law; that upon rendition of judgment herein this plaintiff will resort first to said chattel security, now in this plaintiff's hands, and give proper credit therefor, after payment of costs of special execution thereon to settle the same in satisfaction of said debt.

"Wherefore, plaintiff prays judgment as follows: First, for personal judgment against J. M. Mackey and O. P. Quillian for $28.07, with interest thereon at 6 per cent. per annum, from April 26, 1912, the last date in said account, until paid, and for costs of suit; second, that plaintiff be adjudged to have a valid lien on said property set out in Exhibit B, and to have special execution to settle the same under and pursuant to said lien for said debt as merged in judgment herein."

The defendant Quillian was never served with process, made no appearance, and no action whatever was taken against him. It appears that no issue was made at the trial on any portion of the bill of particulars except the part charging Mackey with liability to plaintiff for the merchandise sold and delivered to Quillian. All other allegations were treated as surplusage and abandoned by the parties. The cause was tried de novo on appeal in the county court. At the beginning of the trial the defendant objected to the introduction of any evidence upon the ground that the bill of particulars did not state facts sufficient to constitute a cause of action against him, which was overruled and exceptions allowed. The jury returned its verdict in favor of plaintiff, and judgment was rendered thereon against defendant J. M. Mackey, from which this appeal is prosecuted.

Defendants' demurrer to the introduction of evidence was not well taken. The bill of particulars states a cause of action

against the defendant Mackey. It alleges, in substance, that defendant Mackey requested plaintiff to furnish Quillian merchandise, and that Mackey agreed to pay therefor, and that upon said request and agreement merchandise was furnished. This alleges an original undertaking on the part of Mackey, and is therefore not within the second subdivision of the statute of frauds.

Defendant contends, further, that the evidence was not sufficient to sustain the verdict and judgment. Plaintiff testified, in substance, that Quillian came to him for credit, and he refused him, and that thereafter Mackey, in company with Quillian, came to plaintiff at his store, and that they requested plaintiff to extend Quillian credit, and he refused, but stated he would extend the credit to Mackey, and that Mackey agreed thereto, and the merchandise was furnished upon this agreement; that he headed the account on his book, "This is the account of O. P. Quillian, stood good for by J. M. Mackey;" that he charged it in this way to distinguish it from Mackey's individual account. Defendant in his testimony made positive denial of having requested credit or having agreed to pay same. Defendant complains of certain of the court's instructions, but does not set them out in his brief as required by rule 25 of this court (38 Okla. x, 137 Pac. xi); neither does he call attention wherein the instructions complained of are defective. We therefore decline to give consideration thereto, but will assume them to be correct. It therefore follows, that a conflict arose in the evidence, and the issues were submitted to the jury under proper instructions, and determined in favor of plaintiff. This court has repeatedly held that where there is a conflict in the evidence and the issues determined by a jury, under proper instructions, and approved by the trial court, this court will not disturb the verdict on the weight of the evidence. Roff Oil & Cotton Co. v. Winn, 27 Okla. 22, 110 Pac. 652; New State Gro. Co. v. Wiles, 32 Okla. 87, 121 Pac. 252; Kiser v. Nichols, 35 Okla. 8, 128 Pac. 103; Spaulding Mfg. Co. v. Lowe, 35 Okla. 559, 130 Pac. 959.

It is agreed that the transaction between these parties was in parol, and defendant contends that same comes within the second subdivision of the statute of frauds, and is therefore void. Rev. Laws 1910, sec. 941, is as follows:

"The following contracts are invalid, unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or by his agent. * * *

"Second. A special promise to answer for the debt, default, or miscarriage of another, except in the cases provided for in the article on guaranty."

If the plaintiff extended the credit to Mackey, it would constitute an original undertaking, and therefore, not within the statute, while on the other hand, if the credit was extended to Quillian and Mackey was to stand good for it, the original undertaking was on Quillian, and Mackey's agreement collateral thereto, and therefore within the statute. May v. Roberts, 28 Okla. 619, 115 Pac. 771; Waldock v. First Nat. Bank of Idabel, 43 Okla. 348, 143 Pac. 53. The verdict of the jury, being for plaintiff, necessarily finds the undertaking original, and not within the statute.

Defendant complains of the admission and rejection of certain testimony, and to the refusal of the court to give certain requested instructions. However, his brief does not contain the testimony objected to and excluded; nor does it contain the instructions requested; nor does he point out the reasons why said testimony was improper or should have been rejected, or wherein there was error in refusing to give the requested instructions. It will be observed that defendant has failed to comply with rule 25 of this court, and we therefore decline to consider these questions.

Defendant contends, further, that prejudicial error was committed against him, in that, when plaintiff concluded his rebuttal testimony, the same being at adjournment time in the afternoon and defendant requesting time in which to procure witnesses to meet plaintiff's rebuttal testimony, the court allowed defendant until 9 o'clock the following morning, and that this time was insufficient. It does not appear that on the following morning defendant interposed a motion for continuance or request for further time, but proceeded with the trial without further objection. We fail to see wherein defendant was in any way deprived of any substantial right in this regard.

Finding no error, the judgment of the lower court should be affirmed.

By the Court: It is so ordered.