## SELSOR v. ARNBRECHT.

No. 5561.   Opinion Filed May 16, 1916.

(157 Pac. 908.)

1. **APPEAL AND ERROR—Brief—Specification of Error—Instruction.** Where plaintiff in error complains of the court's instructions but does not set out in his brief the portions thereof complained of, nor point out wherein the defect lies. he fails to comply with rule 25 (38 Okla. x, 137 Pac. xi) of this court, and such instructions will not be considered. but assumed correct.

2. **APPEAL AND ERROR—Review—Questions of Fact.** Where there is a conflict in the evidence, and the issues determined by a jury under proper instructions, and approved by the trial court, this court will not disturb the verdict on the weight of the evidence.

3. **ATTACHMENT — Proceedings — Cross-Action.** Prior to section 4855, Rev. Laws 1910, becoming effective, May 16, 1913, a cross-action by defendant for wrongful attachment could not be maintained in the same proceeding.

(Syllabus by Day, C.)

*Error from County Court, Woodward County;*
*Clyde H. Wyand, Judge.*

Actions by C. V. Selsor against Peter Arnbrecht. Judgment for defendant, and plaintiff brings error. Affirmed in part, and reversed in part.

*R. H. Nichols* and *B. F. Willett,* for plaintiff in error.

*J. R. Dean,* for defendant in error.

Opinion by DAY, C.   Plaintiff in error, plaintiff below, instituted suit against the defendant in the county court on the 8th day of September, 1911, asking a recovery against defendant for the use of, and damages to, plaintiff's lands during the year 1911.   This cause was numbered 337 in the county court, and at the time of

the filing of the petition in this cause plaintiff sued out an attachment which was levied upon the crops of defendant.

Defendant answered in this action first by way of general denial, and then interposed several affirmative defenses and counterclaimed against plaintiff asking damages against him by reason of the wrongful attachment, including attorney's fee, all aggregating $714. It appears that this answer and counterclaim was filed on the 10th day of February, 1913.

While the above suit was pending between the parties, plaintiff did on the 15th day of September, 1911, institute a suit in unlawful detainer against the defendant in the justice of the peace court; said suit involving possession of the same lands involved in the former suit instituted for rent and damages. The justice of the peace rendered judgment in favor of defendant, and plaintiff appealed to the county court, and said cause was designated there as 347. In the last-mentioned case plaintiff's bill of particulars contains the usual allegations in unlawful detainer actions, and defendant answered by general denial and affirmative defenses.

These causes were by agreement of the parties consolidated in the county court. In cause No. 337 plaintiff in apt time moved to strike that portion of defendant's cross-petition that interposed a claim against plaintiff for damages and attorney's fees by reason of a wrongful attachment of his property. This motion was by the court overruled, and plaintiff duly excepted.

After issues were joined in both causes and the same were consolidated, same came on for trial in March, 1913, and the jury returned separate verdicts, in case

No. 347 finding for defendant generally, and in case No. 337 finding for defendant in the sum of $50 damages and the further sum of $200 attorney's fees. Judgment was by the court rendered upon said verdicts, from which plaintiff prosecutes this appeal.

In cause No. 337, which was the unlawful detainer suit, the issues were properly joined and plaintiff introduced testimony tending to prove the allegations of his petition, and defendant introduced his evidence tending to support his answer, and thereupon a conflict in the testimony arose which was determined by the jury in favor of the defendant.

Plaintiff complains of certain of the court's instructions, but does not set them out in his brief as required by rule 25 (38 Okla. x, 137 Pac. xi) of this court. Neither does he point out wherein such instructions are defective. We therefore decline to give consideration thereto, but will assume them to be correct. It therefore follows that a conflict arose in the evidence and the issues were submitted to the jury under proper instructions and determined in favor of the defendant.

This court has repeatedly held that where there is a conflict in the evidence and the issues determined by a jury, under proper instructions, and approved by the trial court, this court will not disturb the verdict on the weight of the evidence. *Roff Oil & Cotton Co. v. Winn,* 27 Okla. 22, 110 Pac. 652; *New State Grocery Co. v. Wiles,* 32 Okla. 87, 121 Pac. 252; *Kiser v. Nichols,* 35 Okla. 8, 128 Pac. 103; *Spaulding Mfg. Co. v. Lowe,* 35 Okla. 559, 130 Pac. 959.

Section 4855, Rev. Laws 1910, became effective May 16, 1913, and it is by virtue of this section that a recovery

can be had for wrongful attachment in the same proceeding. Prior to this section becoming effiective, there was no statute in this state authorizing a recoupment for damages by the defendant for wrongful attachment in the same proceeding. And in the absence of such a statute cross-actions of this nature cannot be maintained. *Carver v. Shelly & Co.,* 17 Kan. 472.

Defendant's answer and cross-petition claiming damages against plaintiff by reason of the wrongful attachment was filed and the cause finally tried prior to the taking. effect of said statute. The action of the trial court in refusing to sustain plaintiff's motion to stirke was material error, and for that reason its judgment in cause No. 347 should be reversed.

Finding no error, the judgment in No. 337 should be affirmed.

By the Court: It is so ordered.