## FREEMAN v. LANGLEY et al.

No. 7775—Opinion Filed September 12, 1916.

(159 Pac. 1107.)

### Appeal and Error—Review—Verdict.

Where a question of fact is submitted to a jury under proper instructions of the court and the jury renders a verdict upon the evidence thus presented to them, this court, upon appeal, will not disturb the verdict of the jury, where there is any evidence tending to support the same.

(Syllabus by Hooker, C.)

Error from District Court, Adair County; John H. Pitchford, Judge.

Action by John Freeman against S. J. Langley and another. There was a judgment for defendants, and plaintiff brings error. Affirmed.

Helton & Pitchford, for plaintiff in error.

E. B. Arnold, for defendants in error.

Opinion by HOOKER, C. The plaintiff in error instituted a suit in the lower court to recover a judgment against the defendants in error upon a promissory note executed to T. P. Tuck & Co., and after its execution alleged to have been assigned to the said John Freeman before maturity and for valuable consideration, and without notice of any equities existing between the defendants in error and said Tuck & Co. The note was negotiable in form, and if the plaintiff, Freeman, purchased the same before maturity for a valuable consideration and without any notice of intervening equities between the makers and the original payee, he was entitled to recover the amount sued for in this case. The answer of the defendant admitted the execution of the note, but denied that the plaintiff was the holder thereof, or was an innocent purchaser for a valuable consideration before maturity, and further alleged the violation of the contract between the makers and the payee upon conditions arising subsequent to the execution of the note.

There are no exceptions here to the instructions of the trial court, and the only error urged on behalf of the plaintiff in error is that the evidence does not reasonably support the verdict. This question was presented to the jury under the instructions of the court, and the jury, under the evidence presented to them, decided the same adversely to the plaintiff in error. This court, in the case of Cavanagh v. Johannessen, 57 Okla. 149, 156 Pac. 289, held:

"The Supreme Court will not weigh the evidence to determine whether it would have reached a different conclusion."

Also in the case of Postoak v. Lee, 46 Okla. 477, 149 Pac. 155, it is held:

"That [if] there is' any evidence reasonably tending to support the judgment [this court] will affirm the same."

In the case at bar one of the defendants in error testified that after the maturity of the note, and before the institution of the suit thereon, he saw the note in question, and that the same at that time had not been assigned by the payee to the plaintiff, and while the testimony of the plaintiff in error refutes this testimony of the defendant in error, yet this question of the assignment and the date thereof was one of the material questions presented under the instructions of the court to the jury. And the jury heard the witness testify, and, after considering this evidence, rendered a verdict in favor of the defendants in error; and, inasmuch as there is some evidence which supports this verdict, and as the same was approved by the trial court, we will not disturb the same upon appeal.

The judgment of the lower court is therefore affirmed.

By the Court: It is so ordered.