### FIRST NAT. BANK OF TEMPLE v. BROWN et al.

No. 7299—Opinion Filed Jan. 2, 1917.

(162 Pac. 454.)

**1. Appeal and Error—Verdict—Evidence.**

"The evidence in support of a verdict of the jury on appeal is regarded as true, and the evidence against it is deemed, for sufficient reasons, to have been rejected, and, where all the evidence supporting the verdict, taken together, together with all presumptions and deductions to which it is reasonably susceptible, is sufficient, then this court will not hold it should be set aside on the ground that other evidence, had it been accepted, would have justified a different verdict." Johnson v. Walters, 59 Okla. 233, 158 Pac. 914.

**2. Appeal and Error—Presentation for Review—Requested Instructions—Briefs.**

"Where plaintiff in error complains of the refusal of the court to give requested instructions, and fails to set out in his brief in totidem verbis separately said requested instructions, he fails to comply with rule 25 of this court (38 Okla. x, 137 Pac. xi), and the same will not be considered." Mackey v. Nickoll, 60 Okla. 12, 158 Pac. 593.

**3. Appeal and Error—Law of the Case—Decision of Former Appeal.**

"Where questions of law upon a state of facts have been settled upon a former appeal, and are based, in substance, upon the same evidence when again presented, the decision

on the former appeal is the law of the case, and binding upon this court." Insurance Co. of North America v. Cochran, 59 Okla. 200, 159 Pac. 247.

**4. Trial — Verdict — Objections to Form — Waiver.**

Where, in a civil cause, a verdict is received in the absence of counsel, and the jury discharged, and it appears that counsel were absent of their own accord, and the record does not affirmatively show that counsel objected to the form of the verdict until a motion for a new trial was filed, the defect in the form of the verdict will be deemed to have been waived.

(Syllabus by Hayson, C.)

Error from District Court, Cotton County; J. T. Johnson, Judge.

Action by the First National Bank of Temple, Oklahoma, against R. L. Brown and another, partners as Brown & Montgomery. Judgment for defendants, and plaintiff brings error. Affirmed.

Hamon & Ellis, for plaintiff in error.

W. C. Stevens, for defendant in error R. L. Brown.

Opinion by HAYSON, C. This was an action brought originally in Comanche county, and later transferred to Cotton county, in which the plaintiff in error, First National Bank of Temple, sought to recover judgment upon a promissory note given in its favor by defendant in error L. O. Montgomery for the partnership of Brown & Montgomery. The defendant L. O. Montgomery filed no pleadings in the cause and, so far as the record discloses, was not represented by counsel. The defendant R. L. Brown denied under oath the execution of the instrument sued upon, denied that the execution of said instrument was authorized by him in any manner, and that the instrument was executed in payment of any partnership indebtedness, or indebtedness for which defendant R. L. Brown was in any manner liable. Upon the issues thus made, the cause first went to trial in Comanche county, and plaintiff recovered judgment. Defendant appealed to the Supreme Court, and the judgment was reversed and remanded. Brown et al. v. First Nat. Bank of Temple, 35 Okla. 726, 130 Pac. 140. The cause was then tried in Cotton county, and defendants recovered judgment for costs. From this latter judgment, the plaintiff brings error, setting up seven assignments of error, two of which only are argued in its brief, the first and seventh, and they will be taken up in that order.

The plaintiff in error contends that the court erred in overruling plaintiff's motion for a new trial in the following particulars:

First, that the verdict was not sustained by sufficient evidence. Second, that there was no evidence on the part of the defendants to show a failure of consideration for the note. Third, there was nothing in the evidence to show that the firm (partnership) did not get every dollar represented by the note.

After a complete and thorough examination of the record, and applying the law as heretofore laid down by this court, we must hold that the first assignment of error is without merit. In Deming Inv. Co. v. McGrady, 59 Okla. 27, 157 Pac. 734, it was held:

"Where the law applicable to the facts material to the issues joined by the pleadings in an action is fully and fairly submitted to the jury by the court, a verdict of the jury, based upon conflicting testimony, will not be disturbed, if it is reasonably supported by the testimony in the case."

And again in Johnson v. Walters, 59 Okla. 233, 158 Pac. 914:

"The evidence in support of a verdict of the jury on appeal is regarded as true, and the evidence against it is deemed, for sufficient reasons, to have been rejected, and where all the evidence supporting the verdict, taken together, together with all presumptions and deductions to which it is reasonably susceptible, is sufficient, then this court will not hold it should be set aside on the ground that other evidence, had it been accepted, would have justified a different verdict."

To the same effect are the following cases: Roff Oil & Cotton Co. v. Winn, 27 Okla. 22, 110 Pac. 652; New State Grocery Co. v. Wiles, 32 Okla. 87, 121 Pac. 252; Kiser v. Nichols, 35 Okla. 8, 128 Pac. 103; Spaulding Mfg. Co. v. Lowe, 35 Okla. 559, 130 Pac. 959; Selsor v. Arnbrecht, 57 Okla. 732, 157 Pac. 908; Fullerton-Stuart Lumber Co. v. Badger, 59 Okla. 135, 158 Pac. 376; Stonebaker v. Ault et al., 59 Okla. 189, 158 Pac. 570; Freeman v. Langley, 60 Okla. 213, 159 Pac. 1107.

Counsel for plaintiff in error devotes much time and space setting out in the brief of plaintiff in error testimony which seems to be favorable to his contention, but upon an examination of the entire record we find sufficient testimony to uphold the verdict of the jury upon the issues submitted to them under the instructions of the court. Counsel does not point out wherein the court committed any error in his instructions. The record discloses that plaintiff in error did not except to any instruction given by the court. Plaintiff in error in its motion for a new trial does not complain that the court erred in the giving of any instruction in the case, but, in its petition in error, states that the court erred in refusing to give instruc-

tion No. 1, to which the plaintiff excepted. It has been repeatedly held by this court that where plaintiffs in error do not set out in their brief the portions of an instruction complained of, or point out wherein the defect in such instruction lies, there is a failure to comply with rule 25 of this court, and such instruction will be assumed to be correct, and will not be considered. Selsor v. Arnbrecht, 57 Okla. 732, 157 Pac. 908; Mackey et al. v. Nickoll, 60 Okla. 12, 158 Pac. 593.

The court holds as follows in the latter case:

"Where appellant complains of the admission and rejection of testimony, and of the refusal of the court to give requested instructions, and fails to set out in his brief the full substance of said testimony, and fails to set out therein in todidem verbis separately said requested instructions, he fails to comply with rule 25 of this court [38 Okla. x, 137 Pac. xi], and same will not be considered."

The seventh assignment of error is that the defendant in error failed to offer any evidence which could defeat plaintiff's claim in so far as it concerned $3,134 and interest. This goes to the same question as set out in the first assignment of error, and it is unnecessary to make any further comment upon it here. Plaintiff in error, under this assignment, complains that the court received the verdict at 7 p. m. while its counsel was absent from the court, and discharged the jury; that the jury found only in favor of defendant R. L. Brown; that the court should have given plaintiff in error an opportunity to have requested a proper verdict. We cannot see any merit in this contention. The defendant L. O. Montgomery was duly served with a summons in this cause. The record discloses that no default was ever taken against Montgomery, and apparently no effort was made to take judgment against him at any time. The plaintiff seemed only to care for a judgment against defendant Brown, and every effort and energy of plaintiff in error has been put forth to that end. Counsel, if they intend to object to the verdict, should be present when the verdict is rendered, so that the court may have an opportunity to see that the same is corrected before the jury is discharged. If counsel is absent of their own accord when the verdict is rendered, they cannot be heard to complain because the court received the verdict in their absence. And under such circumstances counsel cannot be heard to say that they were given no opportunity to request a proper form of verdict. There is nothing in the record to show that counsel called the court's attention to the

form of verdict until the motion for new trial was filed, and, under the holding of this court when the cause was formerly submitted (35 Okla. 726, 130 Pac. 140), we think the objection came too late to raise the question.

This case having been before this court before (Brown et al. v. First Nat. Bank of Temple, 35 Okla. 726, 130 Pac. 140), the law as enunciated there became the law of the case, and is binding upon ne court. Insurance Co. of North America v. Cochran, 59 Okla. 200, 159 Pac. 247; Severns v. English, 61 Okla. 184, 159 Pac. 917. The testimony is substantially the same as it was in the former trial. The pleadings are the same. The error in the instructions of the court that formed the basis of the former reversal of the case does not occur in this record.

There being no error in the record, the judgment of the trial court will be affirmed.

By the Court: It is so ordered.