## INCORPORATED TOWN OF SALLISAW v. CHAPPELLE.

No. 8428—Opinion Filed Feb. 12, 1918.

(171 Pac. 22.)

(Syllabus.)

**1. Pleading—Demurrer—Failure to Attach Copy of Instrument—Motion.**

The failure of the plaintiff to attach to his petition a copy of the written instrument upon which his cause of action is founded cannot be reached by demurrer, but should be challenged by motion, where the petition is defective on that account.

**2. Trial—Copy of Instrument Sued on.**

Section 5096, Rev. Laws 1910, does not apply to public documents or public records which are equally accessible to all the parties.

**3. Appeal and Error—Verdict or Judgment —Sufficiency of Evidence.**

Where there is any evidence reasonably tending to support the verdict of the jury or the judgment of the court in an action of purely legal cognizance, the same will not be set aside on appeal on the ground that it is contrary to the evidence.

**4. Contracts—Action for Balance—Instructions.**

Instructions given examined, and held to correctly state the issues joined by the pleadings and the evidence.

Error from District Court, Sequoyah County; John H. Pitchford, Judge.

Action by Charles Chappelle against the Incorporated Town of Sallisaw. Judgment for plaintiff, and defendant brings error. Affirmed.

J. H. Jarman, for plaintiff in error.

Frye & Frye, for defendant in error.

KANE, J. This was an action commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, to recover the balance due for constructing certain wing walls and floodgates to a concrete dam, pursuant to the terms of a certain written contract entered into between the parties. The answer of the defendant, after a general denial, contained allegations to the effect that the plaintiff neglected, failed and refused to complete said wing walls and floodgates in accordance with the terms of his contract, and therefore he was not entitled to recover. The defendant, by way of cross-petition, also alleged that by reason of plaintiff's failure and neglect to complete said wing walls and floodgates, in keeping with his contract, the defendant suffered damage in the sum of $953. Upon a trial to a jury there was a verdict in favor of the plaintiff in the sum of $473, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

Counsel for defendant have summarized their grounds for reversal in their brief as follows: (1) The petition fails to state a cause of action; (2) defendant was entitled to a copy of contract sued on before trial of the case; (3) evidence insufficient; (4) instructions erroneous.

On the first proposition counsel contend that as this is an action founded upon a written contract, a copy thereof must be attached to and filed with the petition, and that, while a portion of the contract is attached to the petition, inasmuch as the plans and specifications mentioned in said contract are not, this does not constitute compliance with section 4769, Rev. Laws 1910, which provides:

"If the action * * * be founded on account or on a note, bill, or other written instrument as evidence of indebtedness, a copy thereof must be attached to and filed with the pleading. If not so attached and filed, the reason thereof must be stated in the pleading."

Counsel say that in order for the plaintiff to be entitled to judgment at all, it was necessary for him to show by proof that he constructed these wing walls and floodgates in keeping with the unattached specifications referred to. Therefore, he argues, as it was necessary for that fact to be proven, it was necessary for the specifications, plans etc., to be attached to and filed with the petition. A sufficient answer to this is that, even if we assume that this is an action founded upon a contract, within the meaning of the statute, the failure of the plaintiff to attach a copy of the instrument to his petition cannot be raised by demurrer to the petition. "This deficiency, if such it be, cannot be reached by demurrer, but should have been challenged by motion if the petition was defective on that account." Rogers Milling Co. v. Goff, Gamble & Wright Co. et al., 46 Okla. 339, 148 Pac. 1029; England Bros. & Co. v. Young, 26 Okla. 494, 110 Pac. 895; Andrews et al. v. Alcorn, Adm'r, 13 Kan. 352; Curtis v. Buckley, 14 Kan. 449.

In support of his second proposition counsel say:

"The court erred in denying the motion of defendant to require plaintiff to file complete contract, including the plans, blueprints, and specifications prescribed in the manner in which the 'wing walls and floodgates' were to be constructed, with his petition, and to furnish the original or copies thereof to the defendant."

And in support of this proposition he calls attention to section 5096, Rev. Laws 1910, which provides:

"Either party, or his attorney, if required, shall deliver to the other party or his attorney, a copy of any deed, instrument or other writing whereon the action or defense is founded, or which he intends to offer in evidence at the trial. * * *"

It appears from the record that the plans, blueprints and specifications referred to by counsel were at all times prior to the trial in possession of the defendant, all being public records of the town of Sallisaw, and,

if anything, more accessible to the defendant than to the plaintiff. In such circumstances, the statute relied upon is not applicable. Hammerslough v. Hackett, 30 Kan. 64, 1 Pac. 41.

It further appears from the record that counsel for the defendant did not file his request or make demand for these blueprints, plans, specifications, etc., until after both parties had answered ready for trial, and that the trial court, in ruling upon said motion, held the demand came too late. We think the motion could have been overruled on either of the foregoing grounds.

The third assignment of error attacks the sufficiency of the evidence to support the verdict and judgment rendered. We have examined the evidence adduced at the trial, particularly that part of it called to our attention in the briefs of the respective parties, and believe that it reasonably supports the verdict and judgment rendered. Authorities are numerous to the effect that, where there is any evidence reasonably tending to support the verdict of the jury or the judgment of the court in an action of purely legal cognizance, the same will not be set aside on appeal on the ground that it is contrary to the evidence. Roff Oil & Cotton Co. v. Winn, 27 Okla. 22, 110 Pac. 652; New State Groc. Co. v. Wiles, 32 Okla. 87, 121 Pac. 252; Kiser v. Nichols, 35 Okla. 8, 128 Pac. 103; City of Wynnewood v. Cox, 31 Okla. 563, 122 Pac. 528, Ann. Cas. 1913E, 349.

The instruction complained of reads as follows:

"You are further instructed that if you find from the evidence that the plaintiff failed to do the work under the contract according to the plans and specifications, and that by reason of his failure to so comply with said contract that his work was rendered useless and valueless to the defendant, and that, before the defendant discovered that the work was not done according to plans and specifications, the defendant paid to the plaintiff the sum of $932.60, then and in that event you should find in favor of the defendant for the sum of $932.60. with interest thereon from the 21st day of September, 1910, at 6 per cent. per annum."

As we understand the record, this is a fair statement of the issues as presented by the pleadings and the evidence. The plaintiff contended that he was entitled to recover because he had complied with his contract; the defendant denied that the plaintiff had completed his contract according to its terms, and, by way of cross-petition, alleged that, inasmuch as the defendant had paid the plaintiff the sum of $932.60 upon the

contract before the default was discovered, instead of the plaintiff being entitled to recover a balance, he was liable to the defendant for the return of the money thus paid. We think the instruction given sufficiently states the theory of the case, and as we are unable to say that the instructions requested by the defendant and refused by the court tended to make the issues any clearer, their refusal, if error at all, was harmless.

Finding no error in the record, the judgment of the court below is affirmed.

All the Justices concur.