# AMERICAN INVESTMENT CO. v. BAKER.

No. 17153—Opinion Filed Oct. 26, 1926.

(Syllabus.)

1. **Appeal and Error—Subsequent Appeals—Law of the Case.**

Where questions of law upon a state of facts have been settled upon a former appeal and are based, in substance, upon the same evidence when again presented, the decision on the former appeal is the law of the case and binding upon this court.

2. **Action—Necessity for Right of Action, When Suit Instituted—After Acquired Interests.**

It is a general rule that an action must be founded upon a claim which is valid and subsisting at the time of its institution, and that plaintiff cannot supply the want of a valid claim at the commencement of the action by the acquisition or accrual of one during pendency of the action.

**3. Appeal and Error—Questions of Law—Reversal with Direction to Render Judgment.**

Where it appears that the court committed prejudicial error in directing and rendering the judgment rendered, and only questions of unmixed law are involved, and the record of the court discloses what judgment should have been rendered, this court will not reverse and remand the cause for another trial, but will reverse and remand said cause, with instructions to the trial court to render the judgment which it properly should have rendered.

**4. Same—Invalidity of Judgment Based upon Interest Acquired After Reversal of Cause.**

Where an action is tried, and on appeal is reversed for the reason that a party owning an interest in the subject-matter is not made a party to the action, and thereafter, without amendment of pleading and without joining such interested party in the action, but with evidence of an assignment of the third party's interest, a judgment is rendered in favor of plaintiff for the whole interest, such judgment cannot prevail as to the acquired interest, for the reason that the rights of the parties are fixed as of the time of the commencement of the action, and such after acquired interest in the subject-matter is not a part of the action.

Error from District Court, Oklahoma County; William H. Zwick, Judge.

Action by Harry A. Baker against the American Investment Company. From a judgment for plaintiff, defendant appeals. Modified and affirmed.

Rainey, Flynn, Green & Anderson, Edward Dewes Oldfield, H. Grady Ross, and Calvin Jones, for plaintiff in error.

Robert Burns, for defendant in error.

RILEY, J. This action presents a second appeal. The former case is reported in 104 Okla. 95, 230 Pac. 724. The action was instituted by Baker on September 26, 1922, wherein he sought to recover from plaintiff in error on a commission for securing a loan of $22,000 on lands belonging to Walter W. Payne. Baker claimed 25 per cent. of $4,400, commission, or $1,100. The defendant company admitted Baker was entitled to 20 per cent., or $880, which amount they had paid him, leaving in dispute $220.

Baker testified at the former trial that he granted to Payne a one-half interest in the commission. The defendant requested an instruction to the effect that plaintiff in no event could recover more than one-half of his 25 per cent. in the claim by reason of his admitted assignment to Payne. The trial court refused to so instruct the jury, and

on appeal this court granted a new trial, saying:

"It is our opinion that plaintiff, Harry A. Baker, could not maintain this action for that portion of the $220 admitted by him to be owed to Payne; that the transaction between Payne and Baker amounted to such that both Payne and Baker became joint owners of the claim, and that to entitle them to a recovery of the full amount Payne should be joined with Baker as plaintiff in the action. * * *"

Briefly stated, under the pleadings and evidence adduced at the former trial, and reversed on appeal, two matters became fixed. They were: (1) Payne and Baker became joint owners of the claim. (2) In order to warrant a full recovery Payne should have been joined as plaintiff in the action.

"Where questions of law upon a state of facts have been settled upon a former appeal and are based, in substance, upon the same evidence when again presented, the decision on the former appeal is the law of the case and binding upon this court." First Nat. Bank v. Brown, 62 Okla. 112, 162 Pac. 454, C., R. I. & P. Ry. Co. v. Austin, 63 Okla. 169, 163 Pac. 517; St. L. & S. F. Ry. Co. v. Hardy, 45 Okla. 423, 146 Pac. 38; C., R. I. & P. Ry. Co. v. Lillard, 62 Okla. 63, 161 Pac. 779; Childs v. Cook, 68 Okla. 240, 174 Pac. 274; Turk v. Page, 68 Okla. 275, 174 Pac. 1081; Kingfisher Improvement Co. v. Talley, 51 Okla. 226, 151 Pac. 873.

Upon the cause being remanded, the defendant company filed an amendment to its answer setting up that during the former trial defendant for the first time learned that Baker was not the sole owner of the claim sued upon, and, therefore, there was a defect of parties plaintiff. To the amendment the plaintiff replied in the nature of a general denial, pleading further that plaintiff during the transaction had been associated with Payne as a copartner; that Payne had no interest in the commission sued for; and that plaintiff was the sole owner of the commission. Whereupon the cause proceeded to trial, and after the opening statement of counsel for plaintiff, the defendant company, upon the statement made, the pleadings, the mandate and opinion in the case rendered by the Supreme Court, moved for judgment, which motion the court overruled. There was objection to the introduction of evidence. The plaintiff then, over objection of defendant, introduced an assignment from Payne to Baker of all interest to the commission in question. This instrument was dated April 7, 1925. Judgment was rendered in accordance with the prayer of plaintiff.

There was no amendment to the pleadings

on Baker's part alleging acquisition by assignment or otherwise of Payne's interest in the action. By the former judgment, contained in the mandate and opinion of this court, Payne was held to be a joint owner of the claim. The amendment to the answer called attention to the defect of parties plaintiff and to the interest of Payne. The reply denied the defect of parties and denied Payne's interest. While it developed at the last trial, over the objection of defendant, that Baker had acquired, by assignment, Payne's interest, this evidence of assignment was admitted without justification, for it was not within the issues pleaded. According to the law of the case, plaintiff cannot recover in this action for one-half interest owned by Payne without making him a party to the action. A further reason why plaintiff cannot recover for Payne's interest is that he cannot rely upon his acquisition of an interest in a cause of action after the filing of his petition. This, as stated in 1 C. J. 1149, is:

"The rule is well settled, at least with regard to actions at law, and where no supplemental pleadings are filed. that the rights of the parties to an action must be determined according to the facts existing at the time the action was commenced. Plaintiff must therefore recover, if at all, according to the status of his rights at the time of the commencement of the action, and ordinarily the same rule applies with regard to the rights and defenses of the defendant.

"It follows from the rule above stated, that unless plaintiff has a valid and subsisting cause of action at the time his action is commenced, the defect cannot be remedied by the acquisition or accrual of one while the action is pending, and an amendment setting up such after acquired cause of action is not permissible. Nor, under this rule, can plaintiff in a pending action properly commenced recover upon any new cause of action or additional claim accruing after the commencement of the action, although it may relate to the original subject-matter of the action, as in the case of an additional amount or new installment subsequently becoming due, or some further amount, element, or item of damages subsequently accruing." Robertson v. Howard (Kan.) 112 Pac. 169.

It appears that Payne's claim was assigned to Baker a ter the commencement of this action. No cause of action existed against defendant at the time of commencement in so far as Payne's interest was concerned and the reassignment did not have the retroactive effect of creating one. Walsh v. Woarms, 95 N. Y. S. 824.

In St. L. S. W. R. Co. v. Jenkins (Tex.) 89 S. W. 1106. it was said:

"Plaintiff may not show his acquisition, after the filing of the petition, of an interest in the cause of action." Prouty v. Ala. Great Southern R. Co. (Ala.) 56 So. 980; Garrigue v. Loescher, 16 N. Y. Super. Ct. 578; Dugas v. Truxillo, 15 La. Ann. 116.

This court in the case of Bank of Chelsea v. School District No. 1, 62 Okla. 185, 162 Pac. 809, said:

"It is a general rule that an action must be founded upon a claim which is valid and subsisting at the time of its institution, and that plaintiff cannot supply the want of a valid claim at the commencement of the action by the acquisition or accrual of one during pendency of the action." St. L. & S. F. Ry. Co. v. Webb, 36 Okla. 235, 128 Pac. 252.

In First National Bank v. Beecher, 62 Okla. 37, 161 Pac. 328, this court said:

"Where it appears that the court committed prejudicial error in directing and rendering the judgment rendered, and only questions of unmixed law are involved, and the record of the court discloses what judgment should have been rendered. this court will not reverse and remand the cause for another trial. but will reverse and remand said cause, with instructions to the trial court to render the judgment which it properly should have rendered."

The judgment of the trial court is, therefore, modified by eliminating from the recovery, under the judgment, the interest of Payne, thus reducing the judgment to the amount of $110, and finding no error in the remainder, as so modified the judgment is affirmed.

NICHOLSON, C. J.. BRANSON, V. C. J., and HARRISON, MASON, PHELPS. HUNT, and CLARK JJ., concur.

Note.—See under (1) 4 C. J. p. 1093, §3075; p. 1106, §3088; 2 R. C. L. p. 224; 1 R. C. L. Supp. p. 459: 4 R. C. L. Supp. p. 94; 5 R. C. L. Supp. p. 84. (2) 1 C. J. p. 1149, §§392, 393; p. 1151, §396; 1 R. C. L. p. 340: 1 R. C. L. Supp. p. 108. (3) 4. C. J. p. 1188, §3224. (4) 1 C. J. p. 1149, §§392, 393; p. 1150, §393.