## D. R. FANT v. J. Y. CAMPBELL *et al.*

(Filed Aug. 24, 1899.)

AGENCY—*Ratification—Instruction—Error.* The act of one who assumes to act for another, though without authority, may be ratified by the one for whom he assumes to act voluntarily accepting the proceeds or profits of such unauthorized act; and an instruction which tells the jury that, to amount to a ratification, the defendant must have expressly agreed by and with the plaintiff, or his duly and legally authorized agent, that such act of the agent was ratified and approved, does not correctly state the law, and is error.

(Syllabus by the Court.)

*Error from the District Court of Cleveland County; before James R. Keaton, District Judge.*

*C. L. Botsford* and *C. W. Brewer*, for plaintiff in error.

*Amos Green & Son*, for defendants in error.

### STATEMENT OF THE CASE.

Plaintiff in error, D. R. Fant, who was the plaintiff in the court below, filed his petition and praecipe for summons against the defendants, J. Y. Campbell and J. M. Stovall, on February 1, 1896, in the district court of Cleveland county, Oklahoma, stating a cause of action upon each of two promissory notes dated November 2, 1892,— one for $3,155, and the other for $950,—both due in six months from date, with interest at 10 per cent. per annum from date, payable at the office of the International Loan & Trust company, at Kansas City, Mo., and both executed by the defendants. That there were credits as follows on the larger note: "5—13—93, paid $1,000 on within note by Fish & Keck company; June 26, 1893, paid $1,000; August 23, 1893, paid by Fish & Keck company, $901,77; August 25, by cash, $100." And on the smaller note there is a credit as follows: "Paid April 25, by O. B. Trower, $418." And praying judgment for the balance due of principal on said notes, $685.23, with 10 per cent. interest on the principal sums from date until paid, according to their terms.

Defendant Stovall filed answer, denying the execution by him of said notes. The defendant Campbell filed answer, alleging that by the false and fraudulent representations of Fish & Keck company, the duly-authorized and acting agents of and for the said plaintiff in the collection of said notes, he, relying on their misrepresentations, was induced to and did pay them for said plaintiff, to be credited on said notes, the sum of $4,419, in

payments as follows, to wit:  $1,000 on the 18th of
May, 1893; $1,000 on the 12th day of May, 1893; $1,000
on the 26th day of June, 1893; $901.77 on the 23d day of
August, 1893; $100 on the 2d day of September, 1893,
and the further sum of $418 on the 25th day of April,.
1893.  There were other alleged defenses set up in de-
fendant Campbell's answer and his amendments to such
answer, but the defense of payment was the only defense
relied on by him at the trial. Plaintiff filed verified
reply, denying agency of Fish & Keck company, and.
denying the payment of the last $1,000.

The case was tried by the court and a jury at the
October term, 1897, and resulted in a verdict for the de-
fendants. Proper exceptions were taken during the trial
and to the overruling of motion for new trial by the
plaintiff, and he brings this case here for review, and
asks that the judgment be reversed.  Reversed.

Opinion of the court by

IRWIN, J.:   Several assignments of error are  pre-
sented by the plaintiff in error on which it is asked that
this case be reversed, but we think it necessary to refer
to but two, viz.: First. The error assigned on account
of the third and fifth instructions given by the court to
the jury. The third instruction is as follows: "And
before either defendant can be bound for the payment of
said notes, or either of them, or any portion thereof, the
plaintiff must show by a preponderance of the evidence
that such defendant  either executed said note himself,
or authorized and directed some one else to execute same
for him; or that he, subsequently to the execution of said
notes, accepted a portion of the consideration for which
they were given, and expressly ratified the act of some-

other person in signing the name of such defendant to said notes." And the fifth instruction is as follows: "It must appear by a preponderance of the evidence that he authorized and directed said defendant J. Y. Campbell to sign his (Stovall's) name to said notes, or that he, subsequently to the execution of said notes, accepted a portion of the proceeds derived by reason of the giving of same, and expressly ratified the act of said Campbell in signing his (Stovall's) name thereto. But, on the other hand, if you believe that there is a balance still due and unpaid on said notes, or either of them, and further find from the evidence, by a preponderance thereof, that the said defendant Stovall either authorized and directed said Campbell to execute said notes for him, said Stovall, or that he, subsequently to the execution thereof, accepted a portion of the consideration for which they were given, and expressly agreed to and with the plaintiff, or any duly and legally authorized agent of the plaintiff, that the act of the said Campbell in executing said notes for and on behalf of himself was ratified and approved by him, then your verdict should be for the plaintiff, and against both defendants, for such sum as remained due and unpaid." That part of the third instruction which reads: "Or that he, subsequently to the execution of said notes, accepted a portion of the consideration for which they were given, and expressly ratified the act of some other person in signing the name of the defendant to said note;" and the language in the fifth instruction: "And expressly ratified the act of said Campbell in signing his (Stovall's) name thereto,"—make these instructions bad, as they take away the element of an implied ratification

from the jury; and, if there remained any doubt in our mind as to the instructions being bad, this doubt would be entirely removed by the further language contained in the fifth instruction, to wit: "And expressly agreed to and with the plaintiff, or any duly and legally authorized agent of plaintiff, that the act of the said Campbell in executing said notes for and on behalf of himself was ratified and approved by him,"—thus saying to the jury that the ratification of the act of Campbell in signing his (Stovall's) name to said notes could not be established except by an express agreement to that effect. This certainly is not the law.

In the case of *Waterson v. Rogers*, 21 Kan. 529, Judge Brewer, rendering the opinion of the court, says: "One who voluntarily accepts the proceeds of an act done by one assuming, though without authority, to be his agent, ratifies the act, and takes it as his own, with its burdens as well as benefits. He may not take the benefits and reject the burdens, but he either accepts or rejects them as a whole."

In 1 Am. & Eng. Enc. Law (2d Ed.) p. 1196, this doctrine is laid down, in which we fully concur: "Implied ratification must frequently arise from acceptance of benefits which are the result of the unauthorized acts, for when one, with full knowledge, receives the profits or benefits, he may be presumed to have ratified and accepted the conditions by which they are effected."

This doctrine is sustained by the courts of the United States and of Alabama, Arkansas, Colorado, Connecticut, Georgia, Illinois, Indiana, Iowa Kansas, Louisiana, Maine, Maryland, Massachusetts, and, in fact, so far as we can ascertain, by all the states which have had occa-

sion to pass upon the question. Now, the question pre-
sented to the jury in this case was, is it shown by a pre-
ponderance of the evidence that the defendant Stovall,
with a full knowledge of the facts, voluntarily accepted
the proceeds of the notes in question? And this, it
seems to us, the jury were not fairly permitted to pass
upon and decide, as, we think, the instructions of the
court on this point were clearly misleading, as by using
the word "expressly" in the third, and by the language
used in the fifth, instruction, the jury might understand
from the court, and reasonably infer, that under the law,
as given them by the court, the evidence, to constitute
proof of a ratification, must show an express agreement
to that effect; and under the fifth instruction we can
readily see that the jury might understand from the
court that, to constitute a ratification on the part of the
defendant Stovall of the act of the defendant Campbell
in signing his name to the notes in question, the evidence
must show an express agreement between the plaintiff,
Fant, or his agent, and the defendant Stovall, to that
effect. This certainly is not the correct rule of law on
the question of ratification of the acts of an agent.

But it may be said, as the defense of payment was in-
terposed by the defendant Campbell, and the jury having
found in his favor upon this issue, the issue of *non est
factum* between the plaintiff, Fant, and the defendant
Stovall was immaterial. This would, no doubt, be true
if the verdict of the jury on this issue was necessarily
conclusive. We are aware that this court has held the
rule to be that on a question of fact, where there was a
conflict of evidence, and there was evidence which would
reasonably sustain the verdict, this court would not dis-

turb the finding of the jury; but it must be borne in mind that this rule is based upon the presumption that no error has been committed by the trial court in the admission or rejection of material testimony, or that the jury have not been misled as to the law of the issue on trial by any instruction of the court.

And this brings us to a consideration of the second assignment of error which we think material in this case, to wit, the ruling out of the evidence by the court of the statement marked "Exhibit A," attached to the deposition of David B. Brooks, who was the bookkeeper of Fish & Keck company. The effect of the first error assigned in this case (and which the court sustains) upon the verdict in this case depends largely upon the disposition of this second assignment of error. If this assignment of error is not well taken, the other is certainly immaterial; that is, if the plea of payment is properly and legally sustained, and the verdict of the jury is correct upon this, then it is immaterial whether the defendant Stovall authorized the defendant Campbell to sign his name to the notes in question or not, and in this particular the dealings and business transactions between the defendant Campbell and the firm of Fish & Keck company, so far as such transactions or dealings show payments on, or in any way affect, the notes in question, constitute a very material part of this case. The record shows that the deposition of the witness Brooks was regularly taken. This exhibit was properly identified, and by the testimony of said witness was proven to be a true and correct copy of the books of Fish & Keck company, showing the condition of the account of the defendant Campbell with

that firm during the period when the payments are said to have been made on these notes through said Fish & Keck company. It is further shown by the evidence that the books of the firm of Fish & Keck company were outside and beyond the jurisdiction of this court, so they could not have been reached by process, being in the state of Missouri. As we understand it, it has always been the rule in taking depositions, where the question of the accuracy of an account is called in question, to attach to said depositions certified copies of said books, when, from their cumbersome character, or their remoteness from the court, or for any reason, it would be impracticable to have the originals produced; and we see nothing wrong in this practice. This copy was regularly attached, marked as an exhibit, and became a part of the deposition in question. Now, the only objection that could have been raised to this exhibit was that it was not the original book of account, but the evidence shows that the original books of account were beyond the jurisdiction of this court, and could not have been brought in upon any order of this court, and said copy was the best evidence obtainable. Now, the objection that plaintiff's counsel has had no opportunity to examine the original books could easily have been obviated if this objection had been made at the time of the taking of this deposition, as the proof shows that the original books were present at that time, and could have been examined, if the request had been then made. We cannot say what the effect would have been if this exhibit had been admitted, or what the verdict of the jury would have been, but we do think it should have gone to the jury, and been considered by them for what it was worth,

—38

as it contained matters of vital importance in deciding the issues in this case, and we think it was error to rule it out.

For the errors above named, this case will be reversed, and remanded for a new trial in the district court.

All of the Justices concurring.