## MAYHUE et al. v. BORN.

No. 17361. Opinion Filed Dec. 13, 1927.

Rehearing Denied May 22, 1928.

(Syllabus.)

**Appeal and Error—Verdict Supported by Evidence not Disturbed.**

Error from District Court, Seminole County; Hal Johnson, Assigned Judge.

Action by H. A. Born against A. A. Mayhue and others. Judgment for plaintiff, and defendants bring error. Affirmed.

A. M. Baldwin, for plaintiffs in error.

Davis & Patterson, for defendant in error.

HEFNER, J. H. A. Born, as plaintiff, sued A. A. Mayhue, O. M. Boring, W. O. Boring, W. J. Miller, and Amos F. Cruce, as defendants, in the district court of Seminole county to recover the E. ½ of the N. E. ¼ of section 10, township 9 north, range 6 east. We will refer to the parties as they appeared in the trial court.

Plaintiff pleaded that J. Q. Mayhue executed a deed to W. E. Harber; that W. E. Harber executed a deed to the Exchange National Bank of Denton, Tex.; that on the 19th day of January, 1923, the Exchange National Bank of Denton executed a deed conveying the 80 acres of land to the plaintiff. He seems to base his primary claim to this 80 acres upon the deed from the Denton bank to him. He admits, however, in the evidence that he paid one-half of the consideration given by W. E. Harber to A. A. Mayhue for a quitclaim deed at a later date. This deed was also admitted in evidence.

Born testified that the land cost him from $1 550 to $1,800; that it was rough; that a little piece of bottom land was in cultivation. Notwithstanding the fact that he already claimed the title to this land by the deed from the Denton bank, he joined W. E. Harber, about a year later, in procuring the quitclaim deed from A. A. Mayhue to W. E. Harber.

The plaintiff bases his primary claim for ownership of this land upon the deed from W. E. Harber to the Exchange National Bank of Denton. Harber was called as a witness and explained how the deed to the Denton bank happened to be executed. He testified that there was an indebtedness against the 80 acres of land in the neighborhood of $2,200; that Mr. Mayhue came in and saw him and it was agreed between them that the best way to pay the indebtedness was to get the bank to accept the quitclaim deed for this land which was purchased from it. It seemed that the bank had retained a vendor's lien on the land, and he quitclaimed it back to it to pay that indebtedness.

The defendants claim that the deeds were intended as a mortgage, and, as an additional defense, it is urged that the plaintiff could not recover because of champerty.

The case was tried to the court and a jury. After hearing the evidence, the jury returned a verdict in favor of the plaintiff. This was a finding against the defendants on all of the material issues in the case. The verdict of the jury should not be disturbed on appeal, if the evidence tends reasonably to support it. The jury evidently believed the evidence of the plaintiff in reference to the execution of the deed in favor of the Denton bank, and, if it did, this evidence alone is sufficient to sustain its verdict.

There being no reversible error, the judgment of the trial court is accordingly affirmed.

BRANSON, C. J., MASON, V. C. J., and HARRISON, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See 4 C. J. p. 853, §2834; 2 R. C. L. p. 193; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79; 6 R. C. L. Supp. p. 73.