**BORING et al. v. HARBER.**

No. 17362. Opinion Filed Dec. 13, 1927.

Rehearing Denied May 22, 1928.

(Syllabus.)

**1. Appeal and Error—Verdict Supported by Evidence not Disturbed.**

Where a jury decides an issue of fact under proper instructions, its verdict will not be disturbed on appeal if the evidence tends reasonably to support it.

**2. Witnesses — Privileged Communications with Attorney—Waiver of Secrecy.**

Where a party to a suit takes the witness stand and testifies as to communications between himself and his attorney, such action removes the bond of secrecy provided by law as to communications passing between counsel and client and operates as a consent on the part of such client to the testimony of his counsel as to what actually transpired between them.

Error from District Court, Seminole County; Hal Johnson, Assigned Judge.

Action by W. E. Harber against O. M. Boring and others. Judgment for plaintiff, and defendants bring error. Affirmed.

A. M. Baldwin, for plaintiffs in error.

Davis & Patterson, for defendant in error.

HEFNER, J. W. E. Harber, as plaintiff, sued A. A. Mayhue, O. M. Boring, W. O. Boring, W. J. Miller, and Amos F. Cruce, as defendants in the district court of Seminole county to recover the W. ½ of the N. E. ¼ and the N. E. ¼ of the N. W. ¼ of section 10, township 9 north, range 6 east. We will refer to the parties as they appeared in the trial court.

On June 2, 1921, J. Q. Mayhue executed a deed in favor of the plaintiff, W. E. Harber, covering the 120 acres of land involved in this cause. This deed was admitted by all parties to be a mortgage and was given to secure an indebtedness due to Harber and the First National Bank of Seminole. The plaintiff claims title to the 120 acres of land by virtue of a quitclaim deed, dated November 6, 1924, from A. A. Mayhue to the plaintiff, Harber. The defendants claim that this deed was executed as a mortgage to secure an additional loan or $500. The plaintiff contends that it was not a mortgage, but an absolute conveyance.

The case was submitted to a jury and a verdict was returned in favor of the plaintiff, and the trial court entered its judgment in accordance with the verdict. From this judgment, the defendants have appealed to this court.

Was the quitclaim deed of November 6, 1924, from A. A. Mayhue to the plaintiff, W. E. Harber, a mortgage to secure an additional loan of $500, as claimed by the defendant A. A. Mayhue, or was it an absolute conveyance of all of his right and title in and to the land, as claimed by the plaintiff, Harber? While this is the principal question to be determined in this case, still, in addition thereto, the defendants further contend that the plaintiff cannot recover because the quitclaim deed was champertous.

The rule of law is elementary that where a jury decides an issue of fact under proper instructions, its verdict will not be disturbed on appeal, if the evidence tends reasonably to support it. The issues, under proper instructions of the court, were submitted to the jury, and the jury returned a general verdict in favor of the plaintiff. This was a finding by the jury against the defendants on all the material issues in the case.

We have read the able briefs of the attorneys for both the plaintiff and the defendants, and, after a careful consideration of the record in this case, we think the evidence tends reasonably to support the verdict of the jury.

As a further ground for reversal, it is urged that the trial court committed error in permitting W. A. Bishop, an attorney of record for the defendant Mayhue, to testify about the transaction in connection with the execution of the quitclaim deed. The defendant Mayhue testified that this deed was made to secure an additional loan of $500 from the plaintiff, Harber. Bishop was called as a witness for the plaintiffs and

testified that he prepared the deed and that it was not executed for an additional loan, but was made as a full and complete settlement between the parties and for the purpose of conveying the title to Harber.

Section 589, C. O. S. 1921, is in part, as follows:

"The following persons shall be incompetent to testify: * * * Fourth. An attorney, concerning any communications made to him by his client, in that relation, or his advice thereon, without the client's consent."

Numerous authorities are cited in support of the contention that W. A. Bishop was an incompetent witness by virtue of the above provision of the statute. We do not think the authorities are applicable to the facts in this case. The defendant, himself, went on the stand and testified about the procuring of the quitclaim deed. The conversation about the deed was in the presence of third parties.

In 28 R. C. L., page 561, it is said:

"In order that the rule as to privileged communications between an attorney and his client or its reason should apply, it is inherently necessary that the communication made by the client to the attorney or to his clerk should be confidential. Therefore, if the client chooses to make or receive his communication in the presence of third persons, it ceases to be confidential and is not entitled to the protection afforded by the rule."

Again, in the case of Brown v. State, 9 Okla. Cr. 382, 132 Pac. 359, Judge Furman, speaking for that court, said:

"Where a client takes the witness stand and testifies as to communications made by her to said attorney and as to his advice thereon, such action entirely removes the bond of secrecy provided by law as to communications passing between counsel and client and operates as a consent on the part of such client to the testimony of her said counsel as to what actually transpired between them."

In this case, Mayhue testified about all the transactions between himself and W. A. Bishop. There was a quitclaim deed executed by Mayhue. A check in the sum of $500 was made payable to W. A. Bishop and A. A. Mayhue for the execution of the deed. Mayhue testified that the deed was to operate as a mortgage. Since Mayhue testified about the entire transaction, the statute does not close the mouth of the attorney to testify about the same matter. Subsection 6 of section 589, C. O. S. 1921, specifically provides that if a person offers himself as a witness, that is to be deemed as a consent to the examination also of his attorney, on the same subject.

The court having committed no reversible error, the judgment is affirmed.

BRANSON, C. J. MASON, V. C. J., and HARRISON, LESTER, HUNT, and RILEY, JJ., concur.

Note.—See under (1) 4 C. J. p. 853, §2834; 2 R. C. L. p. 193; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79; 6 R. C. L. Supp. p. 73. (2) 40 Cyc. p. 2401; 28 R. C. L. p. 561.