## HOWARD v. ST. JOHN'S GRAND LODGE A. F. & A. M.

No. 17872. Opinion Filed March 20, 1928.

Rehearing Denied May 22, 1928.

(Syllabus.)

1. **Appeal and Error—Review—Verdict Supported by Evidence not Disturbed.**

Where, in a law action, there is any competent evidence reasonably tending to support the judgment based upon the verdict of the jury, the same will not be disturbed on appeal.

2. **Same—Instructions Objected to Required to be Set Out in Brief.**

Instructions objected to are required by rule No. 26 of this court to be set out in the briefs of the party objecting.

Error from District Court, Tulsa County; C. S. Walker, Judge.

Action by Mary V. Howard, formerly Woods, against the St. John's Grand Lodge A. F. & A. M. Judgment for defendant, and plaintiff appeals. Affirmed.

C. B. Franklin, for plaintiff in error.

Ethelbert T. Barbour, for defendant in error.

RILEY, J. Mary V. Howard instituted this action at law against the St. John's Grand Lodge A. F. & A. M. (colored) in the district court of Tulsa county to recover damages in the sum of $25,000 for the alleged value of real estate said to be lost to her by the acts of defendant lodge. Plaintiff also seeks to recover $60 said to have been collected by defendant under a rental contract, less the sum of $2,300 paid by defendant to plaintiff. A second cause of action was joined, alleging damages in the sum of $186.88 for money expended by plaintiff in an effort to save her property.

The plaintiff alleged she was the owner of a certain brick building of the value of $25,000, incumbered to the approximate amount of $5,000; that in order to satisfy judgments and liens upon the property she secured a loan from the lodge in the sum of $7,000; that she executed a note and mortgage to the defendant in that amount for that purpose, and that the parties entered into a rental contract at the same time; that she never received the $7,000, except $2,300 thereof; that the mortgage was recorded by defendant; that at the time the loan was negotiated the property was advertised for sale under liens and judgments; that the same was sold on December 13, 1924, and the sale confirmed and a purchaser at said sale divested her of her title; that at the forced sale the property only brought $5,000, and that by reason of defendant's failure to keep its promise and pay the full · amount of said loan the title to said property was so lost, to plaintiff's damage; that the defendant had possession after the mortgage aforesaid and collected rents therefrom in the sum of $60.

The defendant denied the value as alleged, admitted execution of the note and mortgage in the sum of $7,000, and that only $2,300 thereof was paid, but alleged that before the residue was paid the plaintiff demanded a release of the mortgage, requesting defendant to take a second mortgage for the advanced amount in order to enable plaintiff to secure a more advantageous loan; that prior to the requested release plaintiff conveyed her title in the property to P. A. Chappelle, who was acting as her attorney, and that on September 16, 1924, defendant delivered a release of said mortgage to Chappelle, who recorded same and executed a mortgage to defendant in the sum of $2,300 upon the property; that on September 16, 1924, the property was purported to be conveyed by sheriff's deed to Chappelle upon execution sale; that Chappelle then executed a mortgage in the sum of $6,000 to the In-

dustrial Building & Loan Association of Tulsa county for sums of money to satisfy liens upon the property, and the excess of said loan, in the sum of $2,612, was delivered to plaintiff by Chappelle on check indorsed and returned to the said loan association to be credited on its note and mortgage, and that the note of $7,000 executed by plaintiff to defendant was surrendered and the loan as evidenced thereby was discharged. The rental contract was admitted, but possession thereunder was denied. Other denials were made. Collusion and fraud in the transfer by plaintiff of title was alleged. The defendant further alleged as a second defense the sheriff's sale of September 13, 1924, to be void.

The defendant answered by general denial the 2nd cause of action; it admitted the receipt of $60 by rent of the building, but alleged that under direction of plaintiff the same was applied to the interest and principal of the note held by defendant prior to the time of its surrender.

The judgment based upon the jury's verdict was that plaintiff take nothing.

For reversal, it is urged that the verdict of the jury was not sustained by sufficient evidence.

We have examined the evidence and find that appellant complains of perjured testimony resulting from an alleged conspiracy on the part of the members of the lodge to defeat plaintiff's cause. While there was considerable evidence on the part of both parties introduced for the purpose of impeachment of testimony, it is self-evident that the jury believed the defendant's theory of the case. We find some evidence to support the verdict rendered, consequently, under the well-settled rule of this court, the contention must be lost to appellant.

It is urged that the court erred in its instructions, but these instructions complained of are not set out in the briefs, and under rule No. 26 of this court, we would be justified in denying further inquiry thereon. It appears that the chief objection to the instructions given was that concerning a second defense said to be inconsistent with the first. From our review of the instructions given, we are of the opinion that no substantial injustice has been done, no reversible error was committed by the lower court in overruling the motion for new trial, and the judgment is affirmed.

MASON, V. C. J., and PHELPS, LESTER, HUNT, CLARK, and HEFNER, JJ., concur.

Note.—See under (1) 4 C. J. p. 853, §2834; 2 R. C. L. p. 206; 1 R. C. L. Supp. p. 444; 4 R. C. L. Supp. p. 92; 5 R. C. L. Supp. p. 81; 6 R. C. L. Supp. p. 76. (2) 3 C. J. p. 1419, §1589.