## SPRINGER v. COBB et al.

No. 18451. Opinion Filed July 3, 1928.

**1. Depositions—Evidence—When Copies of Original Records of Corporation May Be Attached to Deposition.**

Where the original records of a private corporation are out of the jurisdiction of the court and cannot be produced therein, copies of the same may be attached to a deposition and made a part thereof.

**2. Principal and Agent—Agency as Question of Fact Provable by Circumstantial Evidence.**

When a question of agency is made an issue in a case, it becomes a question of fact to be determined by the court or jury, and like any other question of fact, may be proved by circumstantial evidence.

**3. Same—Judgment Against Plaintiff Suing on Mortgage Note Sustained.**

Record examined, and held, sufficient to support the judgment of the trial court.

Error from District Court, Bryan County; Porter Newman, Judge.

Action by Mrs. Theckla Springer against D. W. Cobb et al. Judgment for defendants, and plaintiff appeals. Affirmed.

J. R. Hannah, for plaintiff in error.

W. F. Semple, for defendants in error D. W. Cobb and Maggie Cobb.

Hatchett & Ferguson, for defendant in error First Trust Joint Stock Land Bank.

HEFNER, J. Mrs. Theckla Springer, plaintiff in error, as plaintiff below, brought suit in the district court of Bryan county against D. W. Cobb, Maggie Cobb, and First Trust Joint Stock Land Bank of Dallas, Tex., defendants in error and defendants below.

The plaintiff purchased through the Conservative Loan Company of Shawnee, a note in the sum of $1,000, secured by a mortgage on land in Bryan county. Richard E. Langley and his wife executed the note in favor of the Conservative Loan Company of Shawnee, predecessor in business of the Conservative Loan & Trust Company, on November 1, 1913. Plaintiff alleged that she was the owner and holder in good faith and for value of the note and mortgage, and that she, on December 30, 1913, paid the Conservative Loan Company $1,000 in cash for said note. Plaintiff further alleged that the defendant

D. W. Cobb was the present owner and occupant of the land involved, having purchased same, and that he had assumed the payment of the note and mortgage.

The defendant Cobb admitted that he was the owner of the land involved, and alleged that the full amount of the debt was paid to the agent of plaintiff, the Conservative Loan & Trust Company of Shawnee. That she held out said loan company as her agent and that the First Trust Joint Stock Land Bank of Dallas, Tex., paid the said debt for the defendant Cobb out of his money to the Conservative Loan & Trust Company, her duly authorized agent.

The plaintiff denied that the Conservative Loan Company or the Conservative Loan & Trust Company had ever acted as her agent. The case was tried to a jury and judgment rendered against the plaintiff and in favor of the defendants.

This is one of the many cases growing out of the failure of the Conservative Loan & Trust Company of Shawnee. In 1913 this loan was made, and shortly afterwards it was sold to the plaintiff, and all the instruments, including an assignment, were delivered to her in Kansas City, where she resides. The assignment of the mortgage was not placed of record by the plaintiff until August 29, 1923, after the defendant Cobb and the Joint Stock Land Bank had paid approximately $1,000 to the Conservative Loan & Trust Company on January 9, 1923. The plaintiff paid a valuable consideration for the note before maturity and in due course. The Conservative Loan & Trust Company did not remit the $1,000 to the plaintiff, and soon thereafter became insolvent. The Conservative Loan Company collected and remitted the interest payment of $60 each year for several years to the plaintiff. The defendant Cobb, at the time the payment was made, had neither actual nor constructive notice that the plaintiff owned the note and mortgage; neither did the plaintiff know that Mr. Cobb had purchased the land until 1925.

The only issue of fact in the case was whether or not the Conservative Loan & Trust Company was an agent of the plaintiff in collecting the note in controversy.

The plaintiff urges that it was error for the trial court to allow the defendants to introduce in evidence copies of the private records and correspondence of a private corporation, over the objections of the plaintiff. In the case of Fant v. Campbell, 8 Okla. 586, 58 Pac. 741, in speaking of copies of records beyond the jurisdiction of the court, it was said:

"As we understand it, it has always been the rule in taking depositions, where the question of the accuracy of an account is called in question, to attach to said depositions certified copies of said books, when, from their cumbersome character, or their remoteness from the court, or for any reason, it would be impracticable to have the originals produced; and we see nothing wrong in this practice. This copy was regularly attached, marked as an exhibit, and became a part of the deposition in question. Now, the only objection that could have been raised to this exhibit was that it was not the original book of account, but the evidence shows that the original books of account were beyond the jurisdiction of this court, and could not have been brought in upon any order of this court, and said copy was the best evidence obtainable."

In the case at bar the original records were in the possession of the receiver of the Conservative Loan & Trust Company in Pottawatomie county. The witness was asked whether or not the originals could be withdrawn and the answer was they could not. The defendant then made a statement in the record that the copies would be offered as the best evidence obtainable. Under these circumstances, no error was committed in permitting the introduction of the copies.

Plaintiff next urges that the facts in this case were not sufficient to establish the relation of agency between plaintiff and the Conservative Loan & Trust Company. Plaintiff testified that the loan company sent her the interest every year and that she was satisfied with the interest being paid in that way, and that she usually sent the coupons to the loan company for collection. She also testified that she left it to the loan company to look after the insurance and the taxes being paid, and she left the matter entirely in the loan company's hands to look after it for her and to see that she got her money. In addition to this testimony there were numerous letters introduced passing between plaintiff and the loan company.

Under the facts in this case, we think it is controlled by the rule announced in the case of International Life Insurance Co. v. Bradley, 114 Okla. 231, 246 Pac. 222, wherein this court said:

"When a note is sold, and the farm mortgage securing same is assigned by the payee to a third party, which mortgage recites that

the principal and interest are payable at the office of the payee, and the assignee collects the interest continuously for a period of five years through the payee, receiving its checks therefor, sending the maturing coupons to the payee to be delivered to the mortgagor, and carries on all negotiations as to insurance and taxes through the payee, and this is shown to be the method or course of dealing between the assignee and the payee as to a large number of other loans so assigned by the same payee, and in one or more instances part of the principal on a similar loan was collected, placed on the books of payee to credit of assignee, and there allowed to remain for more than a year to the assignee's knowledge, such evidence of the course of dealing is sufficient to sustain a verdict that the payee was the authorized or ostensible agent of the assignee to receive a partial payment of the principal."

The Conservative Loan Company was the payee in the note and mortgage, and no assignment of the mortgage was ever placed of record by the plaintiff until after the note was paid by the defendants and the loan company was adjudged insolvent and a receiver appointed. All of her dealings were with the loan company.

The question of agency was made an issue in the case and it became a question of fact to be determined by the jury upon all the facts and circumstances connected with the transaction, and, like any other question of fact, it was provable by circumstantial evidence. We think the facts and circumstances were sufficient to support the judgment rendered herein.

The judgment is affirmed.

PHELPS, LESTER, HUNT, and CLARK, JJ., concur.

Note.—See under (1) 18 C. J. p. 698, §237; 22 C. J. p. 1036, §1329. (2) 2 C. J. p. 944, §708: p. 960, §731: 21 R. C. L. p 820; 3 R. C. L. Supp. p. 1192: 4 R. C. L. Supp. p. 1431: 6 R. C. L. Supp. p. 1285; 7 R. C. L. Supp. p. 721. (3) 4 C. J. p. 852, §2834.