## SCHNEIDER v. LITTLEJOHN et ux.

No. 18449.   Opinion Filed July 3, 1928.

Rehearing Denied Sept. 18, 1928.

(Syllabus.)

**1. Principal and Agent—Agency as Question of Fact—Circumstantial Evidence.**

Agency my be established by circumstantial evidence, and where such evidence is resorted to for the purpose of establishing agency, all the facts and circumstances showing the relation of the parties, and their treatment of each other, are admissible in evidence; and when the question of agency is made an issue, it becomes a question of fact to be determined by the court or jury upon all the facts and circumstances connected with the transaction.

**2. Same—Judgment Against Assignee of Mortgage Note Sustained.**

Record examined, and held, sufficient to sustain the judgment of the trial court.

Error from District Court, Atoka County; P. L. Gassaway, Judge.

Action by J. Montgomery Schneider against R. B. Littejohn et ux. Judgment for defendants, and plaintiff appeals. Affirmed.

Pearson & Pearson, for plaintiff in error.

I. L. Cook, for defendants in error.

HEFNER, J. J. Montgomery Schneider, plaintiff in error, as plaintiff, brought suit in the district court of Atoka county against R. B. Littlejohn and Mandy Littlejohn, his wife, the defendants in error, as defendants, on a promissory note in the sum of $1,200, and for the foreclosure of a mortgage given to secure the payment thereof.

The defendants on January 1, 1923, executed and delivered their note to the F. B. Collins Investment Company, due November 1, 1932, with interest at 6 per cent, per annum from January 1, 1923, and at the same time executed a mortgage to secure the payment of the same. The plaintiff alleged that the note was indorsed and delivered to him for value before maturity, and that he was the owner and holder of the note and mortgage in due course; and that the mortgage contract was breached by failure of the defendants to pay the interest on the note in the sum of $60 due on November 1, 1923, and by reason of said breach, plaintiff had elected to declare all sums secured by the mortgage due.

The defendants admit the execution of the note and mortgage, and allege as an

affirmative defense that the F. B. Collins Investment Company paid no consideration therefor. That the company was the agent of the plaintiff, and kept plaintiff's money to be invested for him. That the purported sale of defendants' note and mortgage to the plaintiff was a mere book transaction; that said company assigned to plaintiff defendants' note and mortgage and took credit on its books for the amount of defendants' mortgage. That the F. B. Collins Investment Company was the agent of the plaintiff to purchase loans for him. That the plaintiff was connected and associated with the F. B. Collins Investment Company at the time of the transaction and had been for a long time prior thereto and thereafter until the failure of the company. That are plaintiff had full knowledge that the note and mortgage had been given without consideration at the time he took an indorsement of the note and an assignment of the mortgage.

The case was tried to a jury, and the only issue was whether or not the plaintiff held the note and mortgage in due course. The determination of this question depended upon whether or not the F. B. Collins Investment Company was the agent of the plaintiff. Circumstantial evidence is ordinarily competent to establish the fact or extent of agency. Where such evidence is resorted to for the purpose of establishing agency, all the facts and circumstances showing the relation of the parties, and their treatment of each other, and throwing light upon the character of such relation, are admissible in evidence; and when the question of agency is made an issue in a case, it becomes a question of fact to be determined by the court or jury, and like any other question of fact, may be proved by circumstantial evidence.

The jury, after being instructed by the court, returned a verdict canceling the note and mortgage as prayed for by the defendants; and judgment was entered in favor of the defendants canceling the note and mortgage. Plaintiff filed his motion for a new trial, pointing out the alleged errors made in the trial of the case. The motion was overruled, and the case is brought here for review.

Complaint is made of certain instructions given to the jury. After a careful consideration of the facts and the instructions given by the court, we do not think there is any reversible error in the instructions.

The plaintiff urges that the court erred in refusing to instruct the jury to return a verdict for the plaintiff and against the defendants. After a consideration of the record, we have concluded there was sufficient evidence to justify the court in submitting the case to the jury, and the court committed no error in doing so.

The case was submitted to a jury; the jury returned a verdict against the plaintiff; a motion for new trial was considered and overruled by the trial court, and we think the evidence is sufficient to sustain its judgment.

The judgment is affirmed.

PHELPS, LESTER, HUNT, and RILEY, JJ., concur.

CLARK, J., disqualified, not participating.

Note.—See under (1) 2 C. J. p. 944, § 708; p. 960, §731; 21 R. C. L. p. 820; 3 R. C. L. Supp. p. 1192; 4 R. C. L. Supp. p. 1431; 6 R. C. L. Supp. p. 1285; 7 R. C. L. Supp. p. 721. (2) 4 C. J. p. 852, §2834.