## ASHE v. VAUGHAN et al.

No. 21243. Opinion Filed Sept. 6, 1932.

Felix A. Bodovitz, for plaintiff in error.

Mills & Cohen, for defendant in error.

CULLISON, J. Plaintiff, Emmet Vaughan, instituted suit against defendants, Ben H. Ashe and Petrol Oil & Gas Company, seeking to recover for legal services rendered in the state of Arkansas. Defendant Ashe answered, denying that he employed plaintiff in his individual capacity, but that he, as agent for Petrol Oil & Gas Company, employed plaintiff for a consideration of $150, which amount was accepted by plaintiff in full settlement. Defendant Petrol Oil & Gas Company answered by denial and admitted the employment of plaintiff, but contends that plaintiff had been paid in full.

The case was tried to a jury and resulted in verdict and judgment favorable to plaintiff against defendant Ben H. Ashe, from which judgment, defendant Ashe appeals. The parties will be referred to as they appeared in the trial court.

Defendant's first specification of error is that:

"Where the principal is disclosed and the agent is known to be acting as such, he cannot be made personally liable unless he agrees to be so."

Defendant Ashe contends that he was merely acting as the agent of the Petrol Oil & Gas Company. That plaintiff's contract was with the Petrol Oil & Gas Company, and that he as the agent of said company would not be liable personally.

Plaintiff filed his suit against Ashe personally as well as the oil company, and introduced evidence tending to establish liability of Ashe.

Defendant's contention that he was merely the agent of the oil company and not liable for the amount sued for would be true where it was generally understood that Ashe was merely acting as an agent with no intention by either party to the transaction to bind the agent, Ashe. But there is a serious controversy as to this being true. Plaintiff testified that he entered into the employment with the understanding that Ashe would take care of the same. The evidence on this controverted question was submitted to the jury and they found that Ashe was liable.

This court held in the case of Calman v. Kreipke, 40 Okla. 516, 139 P. 698:

"Although an agent enters into a contract with the actual intention of binding his principal only, if his wording of the same or the circumstances of the case are such as to bind himself, he will be personally liable thereon, notwithstanding the fact that he may have incidentally disclosed the name of his principal."

Said case was quoted with approval by this court in the case of First Nat. Bank of Heavener v. Kempner, 103 Okla. 237, 229 P. 840.

Under the above holdings, the agent may be held liable under circumstances as contended for by plaintiff. The evidence indicated that the Petrol Oil & Gas Company had very little, if any, resources. It was a company behind which Ashe was operating, and plaintiff knowing this fact contracted accordingly.

Defendant's second specification of error deals with a certain instruction wherein the court instructed the jury that if Ashe employed plaintiff to do certain legal services and agreed to pay for said services personally, he was liable even though the work

was carried on in the name of the Petrol Oil & Gas Company.

This instruction follows plaintiff's theory of the case, and fairly states the same for the consideration of the jury. There were other instructions given, covering defendant's side of the case.

The case was fairly presented to the jury and no reversible error exists therein.

The judgment of the trial court is affirmed.

RILEY, HEFNER, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and SWINDALL, J., absent.

Note.—See under (1) annotation in 6 A. L. R. 641; 21 R. C. L. 846; R. C. L. Perm. Supp. p. 5115; R. C. L. Pocket Part, title Principal and Agent, § 26.