## MALERNEE v. DRIEBELBIS.

No. 23686.    June 25, 1935.

H. W. Sitton, for plaintiff in error.

C. M. Anderson, for defendant in error.

PER CURIAM. This action was brought in the district court of Stephens county by C. O. Driebelbis against Dave Malernee and the Packard Oil Company for money alleged to be due him for labor performed in the drilling of an oil well. The parties will be designated plaintiff and defendant, respectively, as they were in the trial court. At the close of the evidence a demurrer was offered by the Packard Oil Company and was sustained by the court, and the cause against such defendant was abandoned by the plaintiff. The record discloses that the Packard Oil Company owned an oil leasehold on land described as the Baptist Church lot at Ray City, Okla. This company contracted with one Duncan for the drilling of a well. The driller on the well was discharged, and Dave Malernee, the defendant, suggested the name of C. O. Driebelbis, the plaintiff, to take his place. He called Driebelbis at Duncan from Mound by telephone, and as a result thereof the latter went to work on the well as a driller. The only witnesses who testified were the parties themselves, and their evidence is in direct conflict. There is evidence reasonably sustaining the verdict of the jury. This court has repeatedly held that in a law action, where there is competent evidence reasonably tending to support the verdict of the jury, the same will not be disturbed on appeal. National Builders Bureau v. Chickasaw Lbr. Co., 130 Okla. 30, 264 P. 907; Bayers v. Gamblin et al., 130 Okla. 82, 265 P. 650; Howard v. St. John's Grand Lodge A. F. & A. M., 130 Okla. 300, 267 P. 476; Boring et al. v. Harber, 130 Okla. 251, 267 P. 252; Mayhue et al. v. Born, 130 Okla. 252, 267 P. 256; Knupp v. Hubbard, 130 Okla. 111, 265 P. 133.

The plaintiff testified that the defendant employed him and that he knew no other employer but him, and that he looked to him for his pay. The defendant testified that he called the plaintiff as an accommodation to Duncan, and was acting as agent for Duncan. He was a stockholder and official of the Packard Oil Company and he and such company were interested in the progress of the drilling. This does not make him personally liable for his company's obligations, but does account for his activity and officiousness about this well and his interest causing the same to be drilled. The fact as to whether the defendant acted as agent for Duncan was passed on as a question of fact by the jury, and when a question of agency is made an issue in a case, it becomes a question of fact to be determined by the court or jury, and like any other question of fact may be proved by circumstantial evidence. Springer v. Cobb et al., 132 Okla. 11, 268 P. 1111; Schneider v. Littlejohn et ux., 132 Okla. 213, 270 P. 25. The plaintiff contends that he did not know he was working for any one other than the defendant, and that the latter did not disclose the name of the contractor, and the jury so found by its verdict. It is the law of this state that when an agent enters into a contract with a third person and does not disclose his principal to such third person, and thereby leads such third person to believe that he is contracting on behalf of himself, such agent is himself liable for the obligations of the contract. Deming Inv. Co. v. McGrady, 59 Okla. 27, 157 P. 734; Letcher v. Maloney et al., 70 Okla. 65, 172 P. 972.

The plaintiff herein asks that he have judgment against the surety on the supersedeas bond and has called to the attention of this court the certified copy of said bond incorporated in the case-made. Judgment is, therefore, rendered against the surety for the amount of the judgment, including the interest and costs.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Frank Ertell, Carey Caldwell, and William T. Rye in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Ertell, and approved by Mr. Caldwell and Mr. Rye, the cause was assigned to a Justice of this court for examination and

report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.