**Robert R. LANE, d/b/a Air-Con Inc., Appellee,**

v.

**OKLAHOMA–LINCOLN, INC., et al., Appellants.**

**No. 51032.**

Court of Appeals of Oklahoma, Division No. 1.

June 6, 1978.

Released for Publication by Order of Court of Appeals Sept. 14, 1978.

Ellis, Frates & Shotts by Charles W. Ellis, Oklahoma City, for appellee.

Ames, Daugherty, Black, Ashabranner, Rogers & Fowler by Don D. Laudick, Oklahoma City, for appellants.

REYNOLDS, Judge:

Robert R. Lane, d/b/a Air-Con, Inc., brought this action to recover for labor and materials supplied for the repair of the air conditioning system of the Rodeway Inn in 1974. Plaintiff's action sought recovery of $4,270.00 for work done in August and an additional $700.00 for work done in October of that year. The trial before the court with a jury waived encompassed direct and cross-examination of *one* witness for the plaintiff and that witness was Robert R. Lane. Judgment followed for the plaintiff in the amount prayed for less a $1,000.00 settlement from the defendant's insurance company. This judgment runs jointly and severally against Oklahoma-Lincoln, Inc., the lessee in possession at the time the work was done and it's managing agent, Helmsley-Spear, Inc. The appellant Helmsley-Spear, Inc., contends in this appeal that the imposition of liability against it on the repair contract is not supported by the evidence and is contrary to law because the only contract in evidence was between plaintiff and Oklahoma-Lincoln. The appellant states that although its employees negotiated the contract with plaintiff, these employees were acting in their capacity as managing agent for Oklahoma-Lincoln.

In July of 1974 Mr. Lane was requested to inspect a fire damaged air conditioning unit at the Rodeway Inn and to submit a repair bid. While checking prices on replacement parts he was informed of prior payment problems experienced by other tradesmen, and as a result he submitted a bid calling for one-half of the cost to be paid after the equipment was rebuilt but before it was installed. While working up this bid he conversed with Mr. Avis and Mr. Kernan and was told they and a Mr. Wilkins worked for Helmsley-Spear out of the main office in Orlando, Florida. The plaintiff was subsequently called by Mr. Wilkins in reference to his bid requirement of 50% payment before installation. Mr. Wilkins proposed plaintiff accept the insurance proceeds in lieu of his 50% payment. Plaintiff verified the insurance coverage and started the repair work after he received a copy of his original bid by return mail with the payment terms marked out. Later he received a purchase order titled Oklahoma-Lincoln, Inc. Less than two months after the first repair job, Mr. Avis contacted plaintiff and orally requested him to perform a quick pressure check of the system to detect the origin of a leak. The job was urgent because the heating unit could not be turned on until the source of the leak was known. After the job was complete plaintiff received another purchase order headed Oklahoma-Lincoln, Inc. which indicated the work was done before the order was issued. In December of 1974 Hartford paid the insurance proceeds to Helmsley-Spear and not to plaintiff as they had been instructed. Helmsley-Spear in turn paid the proceeds over to Oklahoma-Lincoln and not to plaintiff as it had agreed to do.

■ The plaintiff contends he did not know he was working for any entity other than Helmsley-Spear. At the time of the transaction in question, plaintiff testified he assumed (as he was told by one of Spear's employees) the Rodeway Inn was owned by Spear. It is the law of this state that when an agent enters into a contract with a third person and does not disclose his principal to the third person, and thereby leads such third person to believe that he is contracting on behalf of himself, the agent is himself liable for the obligation of the contract. *Malernee v. Driebelbis*, 173 Okl. 68, 46 P.2d 911 (1935).

■ The subjective intent of the agent is not a controlling issue in determining the liability of an undisclosed agent as was noted in the first court syllabus of *Ashe v. Vaughan et al.*, 159 Okl. 32, 14 P.2d 231 (1932):

"Although an agent enters into a contract with the actual intention of binding his principal only, if his wording of the same or the circumstances of the case are such as to bind himself, he will be personally liable thereon . . . ."

Liability of the agent in this instance is predicated upon the fact that the agreement between the parties is made upon the single credit and faith of the agent because he chose not to reveal his principal. *Hospelhorn v. Poe*, 174 Md. 242, 198 A. 582, 118 A.L.R. 682. Plaintiff knew prior to agreeing to do the job that others had experienced trouble collecting for work and materials supplied Rodeway. Despite this, after he was told by Spear's employees the size and extent of Helmsley-Spear's operations he acquiesced to Spear's request that installation of the unit proceed without a 50% payment in advance.

■ The court heard Mr. Lane testify that although the second job was begun after the invoice for the first job had been received bearing the name Oklahoma-Lincoln, Mr. Lane thought he was doing business with the entity employing the men he talked to about the job. The name of the principal appearing with no other identification on the invoice does not preclude liability of the agent for an undisclosed principal. The agent may still be held liable notwithstanding the fact he may have incidentally disclosed the name of his principal. *Ashe v. Vaughan*, supra; *First Nat. Bk. of Heavener v. Kemper*, 103 Okl. 237, 229 P. 840 (1924); *Calman v. Kreipke*, 40 Okl. 516, 139 P. 698 (1914).

■ The fact as to whether the defendant was acting as an agent in arranging these repairs and whether or not the agency capacity was disclosed presents a factual question which is to be determined by the trier of fact. *Osenbaugh v. Virgin & Morse Lumber Co.*, 46 P.2d 952 (1935). These questions, as other questions of fact, may be proved by direct or circumstantial evidence. *Malernee v. Driebelbis*, supra.

■ In reviewing a determination of defendant's liability for a contract entered into by an agent for an undisclosed principal, in the case of *Malernee v. Driebelbis*, supra, the Supreme Court affirmed, noting in one sentence the evidence sufficient to support the verdict. It was as follows:

"The plaintiff testified that the defendant employed him and that he knew no other employer but him, and that he looked to him for his pay."

The evidence presented by the single plaintiff's witness is reasonably supportive of the verdict. Where there is competent evidence reasonably tending to support the verdict, it will not be disturbed on appeal. The judgment of the trial court is affirmed.

■ The appellee has requested an attorney's fee in addition to that awarded in the trial court for the prosecution of this appeal. It is the determination of this Court that a reasonable fee for the successful prosecution of this appeal is $1,000.00, and that amount is awarded appellee to be taxed as costs. The appellee is granted judgment against Aetna Casualty & Surety Company, as surety on the supersedeas bond filed in this action. Judgment is therefore rendered against the surety in the amount of $3,970.02, and costs awarded in the trial court of $2,000.00 and an additional $1,000.00 attorney fee for the prosecution of this appeal.

AFFIRMED WITH ADDITIONAL ATTORNEY'S FEE AWARDED.

BOX, P. J., and ROMANG, J., concur.